200 So.2d 619 (1967)
Charles SIMMONS and Kenneth Ray McPherson, Appellants,
v.
STATE of Florida, Appellee.
No. H-242.
District Court of Appeal of Florida. First District.
June 22, 1967.
*620 L. Arthur Lawrence, Jr., Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and David Tumin, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellants were indicted for the offense of breaking and entering with intent to commit a felony. During the trial they were represented by privately employed counsel. They were each found guilty by the jury as charged in the indictment, and were sentenced to a term of imprisonment in the state prison. From the judgments of conviction and sentence rendered by the court on December 22, 1965, this appeal was timely filed.
The initial phases of this appeal were duly perfected by appellants' privately employed counsel who filed assignments of error and directions to the clerk for making up the transcript of record. The assignments of error raise many questions which are evidentiary in nature relating to the sufficiency of the evidence to support the verdict, illegal search and seizure, and refusal of the court to give certain requested jury charges based upon the evidence in the case.
Subsequent to the perfection of this appeal the court reporter who reported the trial proceedings became ill and subsequently died before preparation of the transcript could be initiated. Her successor reporter endeavored in vain to prepare a record from the shorthand notes of the original reporter, but this effort proved futile. At this point appellants' privately employed counsel resigned under highly acrimonious circumstances, and were permitted by order of this court to withdraw from the case as attorneys for appellants. Upon motion of appellants, the public defender of the Third Judicial Circuit was appointed to represent them and to complete this appeal.
There has now been filed in this cause an order rendered by the trial judge in this proceeding by which it is adjudged that the transcript of the testimony taken at the trial is not available and cannot be produced. Court-appointed counsel for appellants represents that since he was not trial counsel he is not in position to stipulate with counsel for the State upon a condensed statement in narrative form of the testimony and evidence adduced during the trial which might be acceptable in lieu of and as a substitute for a certified transcript of the trial proceedings. Based upon the foregoing unusual circumstances arising during the pendency of this appeal appellants urge that the judgments of conviction and sentence rendered against them be set aside and a new trial awarded in the premises.
The right of one convicted of a crime to an appellate review of such judgment of conviction as may be rendered against him *621 is a necessary ingredient of due process of law and guaranteed by the constitution of this state.[1] From the assignments of error filed by appellants herein, it affirmatively appears that the points sought to be raised by appellants on this appeal cannot be properly decided unless there is available to this court a complete transcript of the trial proceedings reflecting the testimony and evidence adduced at the trial. The failure of the proper officials to produce the trial transcript as requested by appellants, although due to no fault of their own, has effectively precluded appellants from being accorded a fair and impartial review of the alleged errors which resulted in the judgments of conviction rendered against them.
Appellee has invited our attention to Appellate Rule 6.9(d), 31 F.S.A. which provides for the correction or supplementation of a record on appeal by stipulation of the parties, or by direction of the court. The applicability of this rule to the situation with which we are now confronted is doubtful, but if pertinent would prove to be of no avail because of the reasons hereinafter stated.
Appellee has also invited our attention to Appellate Rule 6.7(f) which provides that the parties may agree upon a condensed statement in narrative form of all or part of the testimony and, if this is done, the same shall be in lieu of and shall take the place of directions to the clerk for making up the transcript of record on appeal. This provision of the rule would appear to us to be equally ineffective to accomplish a result necessary for a fair review of the alleged errors assigned as a basis for reversal. Appellants' present counsel did not participate in the trial and represents to this court that he has no knowledge of what transpired at that time. Appellants' trial counsel withdrew from the case under circumstances which would give little hope for effective cooperation from them in an endeavor to prepare a satisfactory stipulation of facts which would be sufficiently accurate and comprehensive as to afford a proper review of the points raised by appellants in their assignments of error. Even if cooperation by appellants' trial counsel could be assured, the great length of time which has now elapsed since the date of trial would have such a dulling effect upon the ability of the trial judge and trial counsel to recall with reasonable certainty all of the pertinent facts which were developed during the trial of this case as to render a reconstruction of the trial in narrative form unsatisfactory as a basis for fairly judging the merits of this appeal.
In the case of Thomas v. State[2] appellant sought by appeal to have the judgment of conviction and sentence rendered against her set aside on the ground that it was impossible under the circumstances of that case to produce an accurate and complete transcript of the trial proceedings. Although it does not affirmatively appear from the written decision, it may be inferred that appellant's counsel on appeal was also the counsel who represented her during the trial. No attempt had been made in that case by counsel for appellant to secure a statement from the prosecuting attorney setting forth in condensed form a narrative of the testimony and evidence adduced at the trial as permitted by Rule 6.7(f), Florida Appellate Rules. Because of the circumstances present in that case the request of the appellant for a reversal was denied and she was allowed thirty days within which to prepare and submit to the trial court a proposed narrative statement of the trial proceedings, including the testimony, and the judge was requested to expeditiously certify to the appellate court such narrative statement of the evidence and proceedings as might be agreed upon by counsel for the parties, adding thereto any additional matters of which he might have knowledge in order that the statement *622 would accurately reflect the trial proceedings. Although the procedure followed in Thomas was reasonable and justified under the circumstances, it is our view that it would be ineffective to accomplish the desired result under the circumstances existing in the case sub judice.
We are inclined to the view that because of the unfortunate circumstances which have arisen in this case, the ends of justice will best be served by setting aside the judgments of conviction and sentence rendered against the appellants herein, and this cause remanded to the trial court for a new trial.
Reversed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Art. V, § 4(2), Florida Constitution, F.S.A.; Art. V, § 5(3), Florida Constitution.
[2] Thomas v. State, (Fla.App. 1964) 160 So.2d 119.