BARNS, PAUL D., Associate Judge.
The appellant, after pleading guilty to an information charging him with the crime of issuing a worthless check for $58.20, was sentenced to four years imprisonment, brought this appeal. We affirm.
Appellant’s brief fails and neglects to state the assignments of error relied on for reversal. The appellant has assigned as error (1) the order of the court “that the Motion to Withdraw plea of Guilty be Denied”, and (2) the adjudication of guilt and sentence.
Appellant’s first point made is that the court erred in denying leave to change his plea of guilty to a plea of not guilty. The steps in the case from the time of his arraignment to time of sentence were as follows. The defendant was arraigned on August 29, 1966, and at that time he did not have an attorney, but he was advised that the arraignment could be passed until he procured an attorney. The appellant was not indigent, and he was financially able to procure an attorney. He was advised that under a plea of guilty he could be imprisoned in the state prison as a felon. The charge against him was read to him and, as he had previously advised the court, he entered a plea of guilty. Before arraignment, he advised the court that he wanted to represent himself and not by an attorney. Thereupon, the State then and there entered a nolle prosequi in three misdemeanor check cases, and sentence was deferred pending a pre-sentence investigation, after the state’s attorney had advised the court such was the desire of the defendant.
The next proceedings were on January 13, 1967, at which time the defendant advised the court that he had retained an attorney on the previous day, but that he was in Belle Glade and could not be there at that time; that he wished a postponement which was granted.
*669 Thereafter, on January 23, 1967, the defendant’s attorney filed a motion to withdraw his plea of guilty upon the grounds that (1):
“ * * * I am the defendant in the above entitled case and prior to August 29, 1966, had been arraigned and entered a plea of not guilty in the following cases:
“65-7039, two counts IWC, Misdemeanors
“65-7695, two counts IWC, Misdemeanors
“66-1030 three counts IWC, Misdemeanors
“66-1048 one count IWC, Felony
“at arraignment, I waived the right to be represented by council, [sic]
“On August 29, 1966, I appeared in court, waived my right to be represented by council [sic] and plead guilty to the felony charge of Issuing a Worthless Check contained in Information Case Number 66-1048; and the State Nolle Prosequi the remaining informations filed against me as above set forth.
“I was induced to plead guilty to the felony charge as a result of an understanding I had with the prosecutor that if I plead guilty to the felony charge the State would nolle prosequi the remaining informations filed against me at that time, that is to say, if the State did not agree to nolle prosequi the remaining informations filed against me at that time, I would not have plead guilty to the felony charge, therefore my plea of guilty to the felony charge was not voluntary of the inducement by the State to nolle prosequi the remaining informa-tions filed against me at that time.”
and, (2) he was not advised that his plea of guilty to the felony charge would subject him to a penalty “not exceeding five years”, and that if he had been so advised he would not have pleaded guilty to the felony.
It is clear that the defendant’s plea of guilty was a “negotiated” plea; it is also clear that the defendant received benefit to the full extent of the negotiated understanding arrived at between him and the prosecuting attorney. No deceit or misrepresentation is charged or made to appear. Negotiated pleas are not obnoxious when fairly and openly obtained. As stated in the concurring opinion by Judge Andrews in Hield v. State, Fla.App.1967, 201 So.2d 235:
“ * * * In addition, it is also acceptable and recognized practice to enter into ‘plea discussions’ and ‘plea agreements’ with the accused or his counsel and to dismiss certain charges in return for a plea of guilty on other charges. In such instances it must be determined that the accused had opportunity for advice of counsel and that the plea of guilty was truly voluntary. Martin v. United States, 5th Cir. 1958, 256 F.2d 345.
“Rules governing such procedures are under consideration by the Advisory Committee on Criminal Trials of the American Bar Association project on minimum standards for criminal justice. A tentative draft of the recommendations of the Advisory Committee on Standards relating to pleas of guilty has been published by the Institute of Judicial Administration (February 1967). It is to be hoped that from this study will come uniform definitive rules of practice and procedures governing the plea discussion and plea agreements in criminal cases.”
The other ground for the motion to withdraw the plea of- guilty is that the defendant did not know and was not advised that his plea subjected him to a penalty of imprisonment “not exceeding five years”. It would have been advisable for the court to have advised him of the maximum penalty before accepting the plea, instead of merely stating that “you could be imprisoned in the State Prison”, which would have foreclosed argument on this *670 ground. Under the facts and circumstances of this case, we find no reversible error on these points.
Appellant’s attorney argues another point that is more or less moot, but deserves consideration. This point is that this court should have permitted him to withdraw as appellant’s attorney, which on July 18, 1967, appellant’s attorney moved the court for permission to withdraw as attorney of record and grounds stated: (1) Appellant failed to pay attorney’s fee as agreed; and (2)Appellant had failed to pay the Clerk of the Criminal Court for the preparation of the Record on Appeal. On August 10, 1967, the court entered an order denying said motion.
After an appeal has been taken by a defendant convicted of crime, he is entitled to the assistance of counsel to prosecute the pending appeal. Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Anders v. State of California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
An appeal is the continuation of the original action, and an attorney authorized by the defendant or the court to assist a defendant in the defense of a prosecution has authority to appeal, and no new order of the court is required to authorize him to appeal as counsel for the defendant.
 However, the attorney is governed by the Ethics of Bar in respect to appeals as they may relate to the court or the defendant. After an attorney has taken an appeal for a defendant, it is under most extraordinary circumstances that a court will discharge the attorney when the appeal is not to be dismissed, without a substitution of counsel. An appellate coprt needs the assistance of informed counsel as well as does the defendant. Cf. Lee v. State, Fla.App.1967, 204 So.2d 245.
Affirmed.
McCAIN and REED, JJ., concur.