PER CURIAM.
This Court granted appellant a belated appeal from his judgment of conviction for manslaughter, which was entered pursuant to a plea of guilty. It is now contended that appellant is unable to pursue the appeal because argument on the points involved cannot be made without the court reporter’s transcript of the proceedings below. It appears from the record that all notes for the year 1969, June through December, were lost or destroyed. Appellant’s guilty plea was accepted and judgment rendered thereon in October of 1969.
The right of one convicted of a criminal offense to an appellate review of the judgment of conviction is a necessary ingredient of due process of law and is guaranteed by the Constitution of this State. Simmons v. State, 200 So.2d 619 (Fla.App. 1st, 1969). It affirmatively appears from the assignments of error filed by appellant that the points sought to be raised cannot be properly considered without some account of the actual proceedings regarding the acceptance of appellant’s plea of guilty. However, as noted in numerous cases:
“It is not a necessary prerequisite to appellate review that the record on appeal contain a verbatim transcript of the evidence and events transpiring at the trial. On the contrary, a summarized statement in narrative form may furnish a substantially accurate account of the rulings of the trial judge and the basis on which they were invoked. Such statement may be prepared from notes kept by counsel; from the judge’s notes; from the recollection of counsel, the judge and witnesses as to what occurred at the trial; and from any and all sources which will contribute to an accurate reflection of the trial proceedings. We also point out that Rule 6.7, subd. f, Florida Appellate Rules 31 F.S.A., provides that the parties may agree upon a condensed statement in narrative form of all or any part of the testimony.” Thomas v. State, 160 So.2d 119 (Fla.App. 2nd, 1964).
Also see Davis v. State, 205 So.2d 684 (Fla.App. 1st, 1968); Rushing v. State, 233 So.2d 137 (Fla.App. 3rd, 1970) and Yancey v. State, 267 So.2d 836 (Fla.App. 4th, 1972).
Accordingly, having found that appellant is entitled to a full review of the proceedings had in the trial court, we temporarily relinquish jurisdiction to the trial court for a period of 30 days with instructions that a determined effort be made by counsel and the court to reconstruct, within the limits of reasonable accuracy, the proceedings surrounding the making and acceptance of the appellant’s guilty plea. Within said thirty days, a reconstructed record or narrative statement of the proceedings should be filed with the Clerk of this Court. Said statement should contain matters as may be agreed upon by the appellant, through the public defender appointed to represent appellant in this appeal, and the state attorney, and the trial judge should add any additional matter of which he may have knowledge in order that such total statement may, as accurately as possible, reflect the proceedings below. Based upon that submitted record, the appellant may then continue to pursue his appeal.
The matter is therefore remanded for further proceedings in compliance with this opinion.
It is so ordered.
WIGGINTON, Acting C, J., and JOHNSON and SPECTOR, JJ., concur.