KEHOE, Judge.
Appellant, defendant below, brings this appeal from his judgment of conviction and sentence following a jury trial. We reverse.
Appellant was adjudicated and sentenced on, February 2, 1978. Notice of appeal was filed on March 3, 1978. Subsequently, on May 15, 1978, this court relinquished jurisdiction to the trial court for reconstruction of the record of the trial in this case. Such reconstruction was necessary because of the unavailability of the stenographic notes of the trial. Thereafter, on August 24, 1978, appellant filed a motion for a new trial asserting that the reconstructed record provided an insufficient basis for appellate review. This court denied the motion on September 12, 1978, without prejudice to raise the issue in appellant’s brief.
The documents before this court establish that the stenographic notes of the trial in this cause cannot be located and that a trial transcript cannot be provided. In the light of these facts, appellant contends that the record, as reconstructed, before this court does not provide an adequate basis for appellate review, thereby denying him his right to a direct appeal and his right to the effective assistance of counsel.
Our review of the record in this cause leads us to agree with appellant’s contentions. Because of the unfortunate absence of the trial transcript from the trial court proceedings, in our opinion, the record is insufficient for review of the points raised by appellant on appeal. Accordingly, the judgment and sentence appeal must be reversed and the cause remanded for a new trial. See, e. g., Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Osborne v. State, 290 So.2d 93 (Fla. 1st DCA 1974); Yancey v. State, 267 So.2d 836 (Fla. 4th DCA 1972); Simmons v. State, 200 So.2d 619 (Fla. 1st DCA 1967); and Bennett v. State, 196 So.2d 449 (Fla. 1st DCA 1967).
Reversed and remanded.