# HOBBY v STATE OF FLORIDA

## Case Nos. 84-3 and 84-4 (Consolidated for Appeal)

Fifth Judicial Circuit, Lake County

September 1, 1985

### APPEARANCES OF COUNSEL

**Ron E. Fox,** for appellant.

**Hugh A. Davis, II.,** Assistant State Attorney, for appellee.

Before LOCKETT, ANGEL, SWIGERT, JJ.

### OPINION OF THE COURT

JERRY T. LOCKETT, Circuit Judge.

The nature of this appeal is the denial by the Honorable William A. Milton, Jr., former County Judge in and for Lake County, Florida, of Hobby's Petitions for Writ of Error Coram Nobis on Motions to Vacate, Set Aside Conviction and Sentence for two separate and distinct offenses of Driving Under the Influence of Alcohol to which Hobby pled guilty while represented as to both offenses by Morton D. Aulls, Esquire, a duly licensed member of the Florida Bar.

The record contains no certified transcript of any change of plea proceeding or sentencing hearing and none is available. *See* Affidavit of Maribeth Hudson, Deputy Clerk, filed March 21, 1985.

Judge Milton's Order of May 21, 1984, nunc pro tunc to May 18, 1984, denying appellant's requested relief recites in detail the qualification of the pleas in question and appears to establish that the requisite procedures were followed in each of these cases. That this may well be the case is reinforced by the presence of extremely competent and able counsel for the appellant at the taking of the pleas. Nevertheless, due to the lack of a record of these proceedings as required by Florida Rule of Judicial Administration 2.070(a), *et. req.* we have no alternative but to remand each of these cases for an evidentiary hearing in the county court as to whether or not these pleas were properly qualified. *Webster v State,* 368 So.2d 938 (3d DCA 1979); *Williams v State,* 316 So.2d 267 (Fla. 1975); *Boykin v Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Fla.R.Crim.P. 3.170.

Given the recurring nature of this problem we wish to make, by way of dicta, certain observations which may be of benefit to the county court beach and the bar of this circuit.

First, in criminal cases involving defendant pleas of guilty or nolo contendre the Office of the State Attorney will want to be certain that a proper record of the plea or appropriate substitute is maintained for use in those instances, such as the present, where enhanced punishment for multiple offenders is or may later be requested. In Lake County, in addition to preservation of the qualified plea by electronic reporting, plea forms are also being used. Copies of these forms are attached for reference and convenience. This practice is suggested for use in all counties.

Additionally, attention is drawn to Administrative Order 83-4 entered by Chief Judge Ernest C. Aulls, Jr., dated March 22, 1984, regarding electronic reporting. This panel takes judicial notice of that order and requires compliance therewith.

Second, at the trial of criminal and civil cases all parties, and perhaps especially criminal defendants, have a substantial interest in preservation of the record for appellate purposes. Subject to funding limitations of the State Attorney and Public Defender, court reporters are available to all parties. It is axiomatic that any party has a right to bring his or her court reporter to any hearing or trial, at his or her expense, in order to preserve the record. Any county court judge failing to allow a qualified court reporter to record proceedings can expect summary reversal. The tape machines currently in use in at least

**79**

some of the county courts can and do malfunction. If the party seeking appeal is unable to produce a record on appeal he or she will normally suffer dismissal of the appeal. The instant case presents a narrow exception to this general rule.