523 So.2d 775 (1988)
Michael G. FELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-759.
District Court of Appeal of Florida, Third District.
April 19, 1988.
Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL and HUBBART and JORGENSON, JJ.
PER CURIAM.
Following our decision in Felton v. State, 438 So.2d 1049 (Fla. 3d DCA 1983), the cause was remanded to the trial court where the defendant Michael Felton was retried, convicted of robbery with a firearm, and sentenced to twenty years imprisonment. The defendant appeals from this conviction.
It appears without dispute that although the defendant properly filed timely designations to the reporter, see Fla.R.App.P. 9.200(a)(2), no trial transcript of the trial below was prepared or filed by the court reporter in response to such designations because the reporter's notes for the trial have been lost. It further appears, without dispute, that despite informal efforts of the defendant's appellate counsel, the trial below has not been reconstructed pursuant to Fla.R.App.P. 9.200(b)(3). It appears that both the trial judge, who is no longer on the bench, and defendant's former trial counsel have, in effect, declined invitations to reconstruct the trial record; moreover, the assistant state attorney, who tried the case below and is now a circuit judge, has expressed a willingness to cooperate in reconstructing the record, but has been unable to approve such a record in the absence of a proposed defense reconstruction. We do not question the good faith of any of the trial participants below, as such record *776 reconstructions of an entire trial are relatively rare due to the extreme difficulties in preparing same; people's memories of a complex trial involving many witnesses are rarely such that a proper record can ever be reconstructed given the passage of time.
Nevertheless, the efforts to reconstruct the record to date have been entirely informal, and we have no certification from the trial court that a record cannot be reconstructed under Fla.R.App.P. 9.200(b)(3). In the interest of justice, we therefore deem it necessary to relinquish jurisdiction of this cause to the trial court with instructions that all trial participants formally undertake a determined effort at reconstruction of the trial pursuant to Fla.R.App.P. 9.200(b)(3) and, if able to do so, complete the record with reasonable accuracy and return same to this court within ninety days so that an informed review of the points on appeal may be undertaken. However, in the event that, after determined efforts of the trial participants, reconstruction of the trial is found to be impossible, the trial court should so certify to this court in a manner similar to that of the trial court in Yancey v. State, 267 So.2d 836, 837 (Fla. 4th DCA 1972) (supplemental opinion). Upon receipt of such certification, the final judgment of conviction and sentence under review shall be reversed and the cause remanded to the trial court for a new trial. Simmons v. State, 200 So.2d 619 (Fla.1st DCA 1967); Wester v. State, 368 So.2d 938 (Fla.3d DCA 1979).
Remanded with directions.