PER CURIAM.
In response to our prior opinion in this case, Felton v. State, 523 So.2d 775 (Fla. 3d DCA 1988), in which jurisdiction was relinquished to the trial court with directions to *912 undertake formal efforts to reconstruct the trial record in the cause pursuant to Fla.R. App.P. 9.200(b)(3), the court has now certified that such efforts have proven unsuccessful due to the loss of the stenographic notes from said trial and the trial participants’ inability or refusal to agree to an attempted reconstruction. Because the absence of such trial record prevents an informed review of the appellant’s points on appeal, the judgment of conviction and sentence appealed must be reversed and the cause remanded for a new trial. Wester v. State, 368 So.2d 938, 939 (Fla. 3d DCA 1979); Simmons v. State, 200 So.2d 619, 621-22 (Fla. 1st DCA 1967).
REVERSED AND REMANDED.