PER CURIAM.
Juan Carlos Lucero appeals from a final judgment of conviction for attempted trafficking and conspiracy to traffic in cocaine. For the following reason, we reverse and remand for a new trial.
Before trial, Lucero moved for disclosure of the confidential informant used by police in this case. The trial court concluded that Lucero was entitled to an in-camera hearing on the issue of whether the confidential informant should be produced. After the hearing, the trial court denied Lucero’s motion to disclose. However, on appeal, we cannot properly determine the relevant facts forming the basis of the trial judge’s conclusion or determine whether there was an abuse of discretion because the in-camera hearing was not transcribed. See Felton v. State, 534 So.2d 911 (Fla. 3d DCA 1988); Wester v. State, 368 So.2d 938 (Fla. 3d DCA 1979). We decline to speculate on the various legal and factual theories upon which the trial judge’s decision may have been based. Our holding is particularly appropriate in light of the state’s failure to cross-appeal Lucero’s motion for a disclosure hearing and the state’s concession that no transcript exists.
We reverse and remand for a new trial. Assuming that Lucero’s motion for disclosure of the confidential informant is once again denied, there will then be a record sufficient for review of the points raised on appeal.
Reversed and remanded.