573 So.2d 109 (1991)
Archie HAMILTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 90-1643.
District Court of Appeal of Florida, Fourth District.
January 4, 1991.
*110 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner was tried without jury in the county court, and adjudicated guilty of driving while impaired, resisting arrest without violence and careless driving. He received a year's probation. He appealed judgment and sentence to the circuit court. Here he seeks review by certiorari of the circuit court's order dismissing his appeal.
When the record on appeal was filed, it was accompanied by a certificate of the court reporter that a portion of the testimony of one of the two witnesses for the state was missing and could not be located. The public defender, representing petitioner, filed a motion for reversal of the conviction because of lack of a complete record, or, in the alternative, for remand to the trial court for reconstruction of the missing portion of the record.
The state opposed the motion, stating the record as it now exists shows the appellant cannot now raise the issue of the validity of his arrest. This appears to address the contention in petitioner's motion to the circuit court that it is not clear from the record as it now stands whether the officer who arrested petitioner was also the officer who investigated the traffic accident as a result of which this prosecution occurred. Petitioner contended the officer who did the investigation could not legally make the misdemeanor arrest, and that if the same officer did both, illegal arrest would be an issue on appeal. Petitioner did not suggest this would be the sole issue on appeal.
The circuit court did not rule directly on petitioner's motion. By opinion the circuit court dismissed petitioner's appeal as frivolous. At the time of the entry of the opinion, briefs had not yet been filed by the parties. The court stated that the missing portions of the transcript do not impair a complete review, and a new trial was therefore not required. The court recited facts found in the existing record that support the existence of probable cause for petitioner's arrest. One may infer the circuit court believed the sole issue on appeal to be the validity of petitioner's arrest. One judge dissented, writing that he would remand for reconstruction of the record.
Petitioner moved for rehearing, urging that the dismissal was premature. In his rehearing motion petitioner stated that the state authorized him to indicate it agreed remand for reconstruction of the record, rather than dismissal of the appeal, was appropriate. Petitioner suggested that should reconstruction turn out to be impossible, the parties' briefs should address the effect of the incompleteness of the record on issues raised. The circuit court denied rehearing.
Once a criminal defendant has chosen to exercise his right to appeal, he is entitled to a full transcript of the trial record. Lipman v. State, 428 So.2d 733, 737 (Fla. 1st DCA 1983). Florida Rule of Appellate Procedure 9.200(f) makes provision for supplementation of an incomplete record, and states that no proceeding shall be determined because of the incompleteness of the record until there has been an opportunity to supplement the record. These principles of law do not bear directly on the instant issue, but furnish a sympathetic backdrop for it.
It has been said that an appellate court's judicially neutral review of the *111 record is no substitute for the careful, partisan scrutiny of a zealous advocate; that it is appellate counsel's unique role to discover and highlight possible error and present it both orally and in writing to the appellate court. Wilson v. Wainwright, 474 So.2d 1162, 1165 (Fla. 1985). The appellate court needs the assistance of informed counsel quite as much as the defendant does. Aranda v. State, 205 So.2d 667, 670 (Fla. 4th DCA 1968). Further support for this thesis is found in the fact that even when appellate defense counsel can find no viable issues on appeal, he is not permitted to withdraw until he has discussed in a brief to the appellate court any arguable issues on appeal that he has been able to find. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Assuming, arguendo, that the circuit court thoroughly examined the record to see if there were any viable issues on appeal, it could not have done so as effectively as competent appellate defense counsel. In support of this thesis, petitioner points out that counsel has discovered a potential issue: that the defendant was not present when jury trial was waived, and that the written waiver was signed by trial counsel rather than by defendant. We do not pass on whether this is a proper issue.
On rare occasions when a criminal appeal has been denied or dismissed as frivolous, either the issues on appeal have already been identified and review has shown them to be without merit, see Ex Parte Sams, 67 So.2d 657 (Fla. 1953); or there was notice and hearing on a motion to dismiss the appeal, where the appellants, all of whom had confessed, pleaded guilty, and given the details of their crimes, had opportunity to state the errors they would appeal from, but failed to do so, Lane v. State, 154 Fla. 853, 19 So.2d 366 (1944).
Ruling the appeal frivolous before the issues on appeal have been identified is analogous to the circuit court's depriving petitioner of the assistance of appellate counsel, quite as fully as if the court had appointed incompetent appellate counsel, or had refused to appoint counsel although indigence of the criminal appellant required it. The effect of premature dismissal of petitioner's appeal was to deprive him of his constitutional due process right to appellate review of his criminal conviction. See Bannerman v. Wainwright 283 So.2d 124, 125 (Fla. 1st DCA 1973); Simmons v. State, 200 So.2d 619 (Fla. 1st DCA 1967). Except by certiorari, petitioner has no remedy available to overcome this departure from an essential principle of law, which if uncorrected amounts to a miscarriage of justice. See Combs v. State, 436 So.2d 93, 96 (Fla. 1983).
CERTIORARI IS GRANTED, THE ORDER OF THE CIRCUIT COURT DISMISSING THE APPEAL IS QUASHED, AND THE MATTER IS REMANDED TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS IN THE APPEAL.
DOWNEY and POLEN, JJ., concur.
WALDEN, J., dissents without opinion.