PER CURIAM.
We reverse and remand for a new trial. The appellant was charged and convicted for trafficking in cocaine over 400 grams and conspiracy to traffic in cocaine over 400 grams. Prior to trial, he filed a motion for disclosure of the confidential informant. The trial court ordered an in-camera hearing with the informant. After the hearing, it denied the appellant’s motion for disclosure.
The appellant appealed from the trial court’s order. This court remanded the case for the trial court to prepare an affidavit setting forth who was present, the findings that were made, and the trial court’s conclusions, at the in-camera hearing. The trial court filed an affidavit stating that only the trial judge, prosecutor and informant were present at the in-camera hearing, and listing some of its recollections of the hearing. On appeal, the appellant argues that the trial court’s reconstruction of what took place at the in-camera hearing is an insufficient basis for review since the defense, the clerk and the court reporter were excluded from the hearing. We agree.
Rule 3.220(m), Florida Rules of Criminal Procedure, states that a “record shall be made” of an in-camera hearing. Rule 9.200(a)(1), Florida Rules of Appellate Procedure, defines “record” to include original documents, exhibits, and the transcript of the proceedings. We believe that the trial court erred in not having a court reporter present to transcribe the record of the in-camera hearing, as required by rule 3.220(m). Without a transcription of the hearing, it is impossible to discern exactly what occurred.
Furthermore, a stipulated statement or reconstruction pursuant to Rules 9.200(a)(3) and (b)(4), Florida Rules of Appellate Procedure, is not plausible under the circumstances of this case. Those rules contemplate participation by both parties, which cannot be achieved here because the defense was excluded from the in-camera hearing. For that reason, the trial court’s affidavit is an insufficient ground for review since it is an unilateral recollection.
In Lucero v. State, 564 So.2d 158, 158 (Fla. 3d DCA 1990), the court concluded:
However, on appeal, we cannot properly determine the relevant facts forming the basis of the trial judge’s conclusion or determine whether there was an abuse of discretion because the in-camera hearing was not transcribed. See Felton v. State, 534 So.2d 911 (Fla. 3d DCA 1988); Wester v. State, 368 So.2d 938 (Fla. 3d DCA 1979).
See also Simmons v. State, 200 So.2d 619 (Fla. 1st DCA 1967) (new trial ordered since no transcript was available and the defense was unable to participate in reconstruction). Accordingly, we reverse this case and remand it for a new trial.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
DOWNEY, J., and WALDEN, JAMES H., (Retired) Associate Judge, concur.
GARRETT, J., dissents with opinion.