GARRETT, Judge,
dissenting.
I would affirm. Before trial, both code-fendant Feanny, now deceased, and appellant Heriberto Garcia [Garcia] filed motions for disclosure of the identity of the state’s confidential informant. They alleged that disclosure was necessary to properly prepare their defenses. The trial judge held an in camera hearing. Only the trial judge, an assistant state attorney and the confidential informant were present. The trial judge denied the motions. After Garcia *327 appealed his conviction for trafficking and conspiracy to traffic in cocaine, this court granted Garcia’s motion “to relinquish jurisdiction for reconstruction” so that the trial judge could prepare an affidavit as to what took place in camera.[1] The trial judge responded by filing an affidavit[2] and attached a document entitled “Proposed Questions for Confidential Informant.” The document was prepared by Feanny’s attorney and contained a list of questions that Feanny wanted the trial judge to ask the confidential informant. During the hearing, the trial judge had jotted down the confidential informant’s answers to the questions next to each question on the document.
Rule 3.220(m), Florida Rules of Criminal Procedure, authorizes in camera proceedings and requires that a record be made. Because no court reporter attended the hearing, no transcript exists. However, a record can be perfected without a transcript. When no transcript is available a statement of the proceedings may be prepared. Fla.R.App.P. 9.200(b)(4).
It is not a necessary prerequisite to appellate review that the record on appeal contain a verbatim transcript of the evidence and events transpiring at the [hearing]. On the contrary, a summarized statement in narrative form may furnish a substantially accurate account of the rulings of the trial judge and the basis on which they were involved. Such statement may be prepared from notes kept by counsel; from the judge’s notes; from the recollection of counsel; the judge and witnesses as to what occurred. ...
Bannerman v. Wainwright, 283 So.2d 124, 125 (Fla. 1st DCA 1973). The trial judge’s affidavit and the attached document with his notes constituted a record of the hearing. Garcia relies on Lucero v. State, 564 So.2d 158 (Fla. 3d DCA 1990) (appellate court had no basis to decide appeal if no transcript of in camera hearing exists). However, in Lucero it appears that no one attempted to recreate the record.
At oral argument, Garcia argued that a reconstruction of the record could not take place because his trial attorney was not present at the in camera hearing. Although rule 9.200(b)(4) states “appellant *328 may prepare a statement of the evidence or proceedings,” I respectfully suggest that such wording does not preclude an appellee from also preparing the statement. To adopt Garcia’s argument would permit him to prevent the reconstruction of the authorized ex parte hearing that he had no right to attend.

. This court’s assigned motion panel agreed with the state’s argument that "under the circumstances of this case all that needs to be done is for this Court to relinquish jurisdiction so that the trial court may prepare an affidavit....”

. The body of the trial judge’s affidavit reads:
1. An in camera hearing was held on October 20, 1988.
2. Present at the in-camera hearing was my myself, the Assistant State Attorney, Marlene Wells, and the Confidential Informant.
3. That questions were asked of the Confidential Informant concerning his participation and involvement in this drug transaction.
4. Co-Defendant, Feanny, by and through his attorney, Mr. Hilliard Moldof, had propounded a series of questions to be asked of the Confidential Informant at the in-camera hearing. (Please see attached).
5. That said questions were asked and the Confidential Informant properly responded to the questions.
6. No questions were submitted by Defendant, Garcia to be asked of the Confidential Informant at the in-camera hearing.
7. The Confidential Informant was present for the March 23, 1988 meeting at co-Defendant, Patricia Vial’s house when Defendant, Feanny and Garcia negotiated the cocaine transaction; Patricia Vial was to testify at trial and did testify at trial concerning this meeting.
8. The Confidential Informant was present for the March 24, 1988 money show with co-Defendant Patricia Vial. Both Detective Dan Losey and Patricia Vial were to testify and did testify at trial concerning this taped recorded conversation. The tape of this meeting was also introduced into evidence at trial.
9. The Confidential Informant was present for the March 25, 1988 [sic] when the drug transaction took place; however, the Confidential Informant did not enter into the negotiations. Police officers present as well as co-Defendant, Patricia Vial, were to testify and did testify at trial concerning this taped, recorded conversation. The tape of this meeting was also introduced into evidence at trial.
10. That based on the Confidential Informants’ answers, I determined that the Confidential Informant did not trick anyone, was not guaranteed to receive any reward or benefit from his assistance, and that the Confidential Informant was not involved to the extent that disclosure of his/her identity was necessary and I therefore denied the Defendants’ Motion to Disclose the Confidential Informant.