771 So.2d 1263 (2000)
Dale R. BERUBE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1488.
District Court of Appeal of Florida, Second District.
November 15, 2000.
J. Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Dale R. Berube appeals his conviction for drug trafficking entered pursuant to a plea agreement. Prior to the plea hearing, the trial court denied Berube's motion to dismiss. In that motion, Berube alleged that he could not be convicted of trafficking since the amount of oxycodone he possessed was less than four grams. During negotiations for the plea deal, the trial judge repeatedly told Berube he could appeal this issue.
Unfortunately, the stenographic notes for the hearing on his motion to dismiss cannot be found, and the court reporter has filed a certificate of nonexistence. We previously relinquished jurisdiction to the trial court for purposes of reconstructing the record. The parties have been unable to reconstruct the record despite efforts pursuant to Florida Rule of Appellate Procedure 9.200(b)(3).
A defendant who has exercised the right to appeal is entitled to a full appellate record. See Fla. R.App. P. 9.200(f); Hamilton v. State, 573 So.2d 109 (Fla. 4th DCA 1991); Lipman v. State, 428 So.2d 733 (Fla. 1st DCA 1983). Where, as here, the parties are unable to reconstruct the record, a new hearing must be held. See H.C.T. v. State, 662 So.2d 1034 (Fla. 1st DCA 1995). Accordingly, we vacate Berube's plea, reverse his conviction and remand to the trial court for further proceedings, *1264 including a new hearing on the motion to dismiss.
Reversed and remanded.
PARKER, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.