WARNER, J.
In this appeal from his conviction for possession of cocaine, appellant claims the court erred in denying his motion to disclose the identity of the confidential informant (“Cl”) involved in the controlled drug “buy-bust” operation which resulted in appellant’s arrest. Unfortunately, the record of the hearings on the motion to disclose, the identity and the motion to dismiss have been lost, and efforts to reconstruct it have failed. Because the record is incomplete and cannot be reconstructed on a significant issue in the case, we vacate the conviction and remand for a new trial.
After being charged with possession of cocaine, appellant filed a sworn motion, with accompanying affidavit, for disclosure of the name of the Cl involved in the drug transaction resulting in his arrest. The motion also requested an in camera hearing. Appellant attested the Cl could explain that appellant’s companion sold the cocaine to the Cl, not appellant. No hear *199 ing or order on this motion exists in the record. However, two months later appellant moved to dismiss the case alleging that the court had ordered the state to disclose the identity of the Cl, but the state had not done so. Again, no written order on this motion exists. At the close of the state’s case during trial, appellant’s attorney stated she was renewing the motion to dismiss based on the same grounds as before regarding the Cl. The court denied this motion on the record.
Appellant was convicted and sentenced and brought this appeal. During the appellate process, counsel attempted to have the hearing regarding the motion to dismiss transcribed but could not locate the notes. A hearing was held before the trial judge to attempt to reconstruct the record. However, neither the state attorney nor the judge had any recollection of what occurred at the hearing.
Appellant claims that due to the lack of a complete record, he is entitled to a new trial. “The right of one convicted of a crime to an appellate review of such judgment of conviction as may be rendered against him is a necessary ingredient of due process of law and guaranteed by the constitution of this state.” Simmons v. State, 200 So.2d 619, 620-21 (Fla. 1st DCA 1967); accord Hamilton v. State, 573 So.2d 109, 110 (Fla. 4th DCA 1991) (criminal defendant exercising right to appeal is entitled to full trial transcript). When portions of the appellate record are incomplete, “[t]he question to be asked is whether the portions are necessary for a complete review.” Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994). Omitted portions of the record have been deemed necessary where a defendant demonstrates hardship and prejudicial effect upon his or her appeal. See id.; accord Johnson v. State, 442 So.2d 193, 195 (Fla.1983).
In this case, a transcript is necessary to decide the issue on appeal. On similar facts, where the state used a Cl and a trial court refused to order the officer to disclose the Cl’s identity, we have reversed. See, e.g., Styles v. State, 780 So.2d 1040 (Fla. 4th DCA 2001); Miller v. State, 729 So.2d 417 (Fla. 4th DCA 1999). In Miller, no one could locate the Cl, but the court erroneously denied a motion to disclose because it mistakenly believed that the relevance of the Cl’s identity was speculative in light of the officer being a witness to the transaction. We held that disclosure of the identity of the Cl who was involved in the drug transaction was mandatory. See id. at 420. The transcript of the motion to dismiss and/or disclose is “necessary” in this case because it could shed light on why the trial court denied the motion. Otherwise, based on Styles and Miller, a reversal is appropriate.[1]
The state contends that the issue is not preserved because it is not clear that a hearing even took place. However, the attorney renewed the motion at trial, which the court denied. We conclude that this is sufficient corroboration that a pretrial hearing was held on the issue to preserve it for appeal.
*200 We therefore reverse appellant’s conviction and sentence and remand for further proceedings.
DELL and TAYLOR, JJ., concur.

. While generally a pre-trial motion to dismiss for failure to disclose the identity of a Cl is not proper, see State v. Pautier, 548 So.2d 709, 712 (Fla. 3d DCA 1989), in his motion to dismiss, appellant requested alternatively the disclosure of the Cl’s name so that his counsel could investigate and locate the Cl. Further, depending upon the reason that was given for not disclosing the Cl's identity and location, other measures could have been taken by the court to avoid prejudicing appellant, such as a limitation on other testimony.