828 So.2d 456 (2002)
Vernon THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2013.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
*457 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Vernon Thomas appeals his conviction and sentence following a jury trial in which he was found guilty of third degree murder with a firearm.
Portions of voir dire, involving peremptory strikes by both parties and appellant's objections to certain state challenges, were missing from the trial transcripts. This court relinquished jurisdiction to the trial court to reconstruct the record. The trial court issued an order finding the incomplete transcript reflected that defense counsel renewed objections to the court excusing five potential jurors, but the actual objections and the court's rulings were omitted from the transcript. The trial court further found that the omissions in the record cannot be reconstructed.
This court has recognized that due process entitles a criminal defendant to appellate review and if an incomplete record cannot provide meaningful review, then the defendant is entitled to a new trial. "The right of one convicted of a crime to an appellate review of such judgment of conviction as may be rendered against him is a necessary ingredient of due process of law and guaranteed by the constitution of this state." Smith v. State, 801 So.2d 198, 199 (Fla. 4th DCA 2001) (quoting Simmons v. State, 200 So.2d 619, 620-21 (Fla. 1st DCA 1967)). "Once a criminal defendant has chosen to exercise his right to appeal, he is entitled to a full transcript of the trial record." Hamilton v. State, 573 So.2d 109, 110 (Fla. 4th DCA 1991).
Although not all omissions from a transcript require a new trial, see Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994), the missing portion of the transcript in this case is necessary for a complete review. See Smith, 801 So.2d at 199; McKenzie v. State, 754 So.2d 851 (Fla. 2d DCA 2000). Accordingly, we reverse appellant's conviction and sentence and remand for a new trial.
FARMER, SHAHOOD and HAZOURI, JJ., concur.