GROSS, J.
We reverse appellant’s conviction because no record was created of an in camera hearing on a defendant’s motion to disclose a confidential informant, contrary to Florida Rule of Criminal Procedure 3.220(m).
The state charged Willis Brown with the sale or delivery of cocaine and the possession of cocaine. Brown’s arrest was facilitated by a confidential informant. According to the arrest affidavit, the Cl was present when an undercover officer purchased crack cocaine from Brown. Before trial, Brown moved for the disclosure of the confidential informant, alleging that he did not sell drugs to an undercover officer, so that the Cl’s testimony as to whether the sale occurred was material to the defense.
The trial court held an in camera hearing on Brown’s motion to disclose. Present were the prosecutor, the Cl, and the judge. After the in camera hearing, the trial court denied the motion, ruling that “[t]here was nothing about the Cl’s testimony that would be exculpatory or tend to favor the Defendant’s position on misiden-tification or give credence to any other defense the Defendant would have.” After a jury trial, Brown was convicted of both the sale and possession charges.
After he filed his notice of appeal, Brown sought to supplement the record with a transcript of the in camera hearing. However, the digital court recording manager for the circuit court could not locate an audio recording of any in camera hearing in this case.
This case is controlled by Florida Rule of Criminal Procedure 3.220(m), which sets forth requirements for in camera, ex parte hearings. Subsection (3) of the rule provides:
A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved and be made available to the appellate court in the event of an appeal.
(Emphasis added.) Although that rule does not define what constitutes a “record,” Florida Rule of Appellate Procedure 9.200(a)(1) provides that “the record shall consist of the original documents, all exhibits that are not physical evidence, and *631 any transcript(s) of proceedings filed in the lower tribunal.”
This court read rules 9.200(a)(1) and 3.220(m)(3) together in Garcia v. State, 578 So.2d 325 (Fla. 4th DCA 1991). In Garda, a defendant charged with drug offenses moved before trial to disclose a confidential informant. Id. at 326. The trial court ordered an in camera hearing with the Cl, after which the court denied the defendant’s motion. Id.
In the first appeal from his convictions, we “remanded the case for the trial court to prepare an affidavit setting forth who was present, the findings that were made, and the trial court’s conclusions, at the in-camera hearing.” Id. In the affidavit the trial court filed, it stated “that only the trial judge, prosecutor and informant were present ... and list[ed] some of its recollections of the hearing.” Id.
With the case back in this court, we determined that the reconstruction was insufficient for appellate review because the defense, clerk, and court reporter were excluded from the hearing. Id. We read rules 3.220(m) and 9.200(a)(1) together as requiring the transcription of in camera hearings. See id. We concluded “that the trial court erred in not having a court reporter present to transcribe the record of the in-camera hearing, as required by rule 3.220(m),” because “[wjithout a transcription of the hearing, it is impossible to discern exactly what occurred.” Id.
Garcia also explained why a statement of the evidence or proceedings under Florida Rule of Appellate Procedure 9.200(b)(4) was unworkable. Rule 9.200(a)(3) places the burden of making an adequate appellate record on the appellant and subsection (b)(4) provides for the reconstruction of a record when there is no actual record. We held that “a stipulated statement or reconstruction pursuant to Rules 9.200(a)(3) and (b)(4) ... is not plausible under the circumstances of the case.” Id. “Those rules,” we wrote, “contemplate participation by both parties, which cannot be achieved here because the defense was excluded from the in-camera hearing.” Id.
Garcia concluded that the trial court’s affidavit was insufficient for purposes of the rules and appellate review, because it was a “unilateral recollection.” Id. It therefore reversed, citing Lucero v. State, 564 So.2d 158 (Fla. 3d DCA 1990), where the third district reversed and remanded a case for a new trial where an in camera hearing was not transcribed.
Trying to avoid the application of Garcia, the state points out that, unlike the situation in Garcia, there has been no attempt to reconstruct the record. However, in Garcia we relinquished jurisdiction because there was no indication of who attended the in camera hearing. Once it was determined that the defense was excluded from the hearing, we held that a Rule 9.200(b)(4) reconstruction was not possible because the rules of appellate procedure “contemplate participation by both parties.” Here, the defense did not attend or participate in the in camera hearing, so it would be fruitless to relinquish the case for reconstruction of the record.
Further, this case is distinguishable from cases where courts have required a defendant to show that the absence of a transcript resulted in prejudicial error. For example, in Jones v. State, the missing transcripts were of a voir dire. See 923 So.2d 486, 487-88 (Fla.2006). After an evidentiary hearing on the reconstruction of the record, the trial court determined that the record could not be reconstructed, because no one could testify with precision as to what happened, or as to any specific objections made by defense counsel. Id. at 488-90. The defendant’s claims of prej *632 udice were based largely on his own testimony of possible Neil-Slappy[1] objections made by defense counsel. Id. at 487. Ultimately, the Supreme Court held that the defendant’s “pure conjecture and his memory of possible [Neil-Slappy] objections made by his trial counsel, which is unsupported by any of the other evidence presented in the hearing,” was insufficient for the defendant to make the claim that the absence of a transcript of the voir dire somehow prejudiced him. Id. at 489-90. Accordingly, the defendant could not demonstrate that he was being deprived of meaningful appellate review.
The absence of a voir dire transcript differs from the missing record in this case because in Jones the defendant and his lawyer were present during the voir dire, so the defense had the ability to specify how the absence of a transcript harmed the appeal. Here, the defense was excluded from the in camera hearing, so it had no way of knowing what occurred. None of the other absence-of-transcript cases cited by the state involve in camera hearings from which the defense was excluded. See Armstrong v. State, 862 So.2d 705, 720-21 (Fla.2003) (voir dire and juror strike conferences); Darling v. State, 808 So.2d 145, 168 (Fla.2002) (“certain pretrial hearings”); Ferguson v. Singletary, 682 So.2d 53, 58 (Fla.1993) (“voir dire, most of the charge conference, and the end of a discussion of whether Ferguson would testify”).

Reversed and remanded for a new trial.

STEVENSON and TAYLOR, JJ„ concur.

. State v. Neil, 457 So.2d 481 (Fla. 1984); State v. Slappy, 522 So.2d 18 (Fla.1988).