DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YOHANIZ CEBALLOS PALOMINO**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-197

[May 8, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey D. Cohen, Judge; L.T. Case No. 062014CF004244A88810.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

**CONFESSION OF ERROR**

KUNTZ, J.

The Defendant was convicted of aggravated battery with a deadly weapon and two counts of violation of a domestic violence injunction following a nine-day trial. The Defendant appealed his convictions and sentences, and a record on appeal was transmitted to this Court. But the transcript for one of the days of trial was missing from the record.

Within the record was an affidavit from the court reporter. The affidavit stated that the court reporter's electronic files and backup files for the day in question were empty. Based on the affidavit, the Defendant moved to relinquish jurisdiction to reconstruct the record for the missing day.

On relinquishment, the Defendant and the State agreed that the "missing transcript was necessary for full [appellate] review of the case." They also agreed that the "Defendant's convictions and sentences should be reversed, and that this case should be remanded for a new trial." The

circuit court entered an order on relinquishment, confirming the transcript is unavailable and cannot be reconstructed and that the "absence of the transcript prejudices the Defendant in his appeal."

Consistent with the order on relinquishment, the State filed a confession of error, acknowledging that a "defendant is entitled to a full transcript containing appealable issues." We agree. *See Robinson v. State*, 262 So. 3d 826, 826 (Fla. 4th DCA 2019) (citing *Hardy v. United States*, 375 U.S. 277, 279 (1964); *Ader v. State*, 814 So. 2d 461, 462 (Fla. 4th DCA 2001); *Smith v. State*, 801 So. 2d 198, 199-200 (Fla. 4th DCA 2001)).

The Defendant's convictions and sentences are reversed, and the case is remanded for a new trial on one count of aggravated battery (deadly weapon) and two counts of violation of a domestic violence injunction.

*Reversed and remanded.*

CIKLIN and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2