DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODNEY CAMPBELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2456

[January 8, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan L. Alspector, Judge; L.T. Case No. 15-007892CF10A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

**CONFESSION OF ERROR**

KUNTZ, J.

Rodney Campbell appeals his judgment and sentence for aggravated battery. On appeal, he argues the record is insufficient to allow appellate review of certain issues at trial. In response, the State explains:

> The court reporter filed an affidavit indicating part of the notes for [Campbell's] trial were damaged and unable to be transcribed. Following an attempt at reconstructing the missing portion of the transcript, the trial court entered an order that the missing portion of the proceedings could not be reconstructed.

Based on these facts, the State concedes error and agrees that the judgment and sentence must be reversed.

A defendant is not entitled to a full transcript of all proceedings. "When portions of the appellate record are incomplete, '[t]he question to be asked is whether the portions are *necessary* for a complete review.'" *Smith v. State*, 801 So. 2d 198, 199 (Fla. 4th DCA 2001) (quoting *Velez v. State*, 645 So. 2d 42, 44 (Fla. 4th DCA 1994)). The defendant must also "demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant." *Jones v. State*, 923 So. 2d 486, 489 (Fla. 2006).[1]

Here, both Campbell and the State agree that an attempt to provide meaningful appellate review through other means did not succeed. They also agree that Campbell satisfied his threshold burden of demonstrating a basis for his claim that the missing transcript would reflect matters that prejudiced him. *See Jones*, 923 So. 2d at 489. So we accept the State's concession that the judgment and sentence must be reversed because of the missing transcript and remand for a new trial. *See, e.g., Robinson v. State*, 262 So. 3d 826, 826 (Fla. 4th DCA 2019).

*Reversed and remanded.*

CONNER and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] A transcript itself is not specifically required. *See, e.g., Terry v. State*, 263 So. 3d 799, 804 (Fla. 4th DCA 2019) (discussing Fla. R. App. P. 9.200(b)(4)); *Griffin v. Illinois*, 351 U.S. 12, 20 (1956) (A state is not required to provide a transcript to a defendant if there are "other means of affording adequate and effective appellate review.").