DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUSSELL JOHN CARBAUGH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3591

[January 5, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 16000312CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Russell John Carbaugh appeals his conviction for the offense of theft of property valued between $10,000 and $20,000. He raises five issues on appeal. We affirm on all issues, discussing only the first issue raised, which involves the reconstruction of a missing portion of the trial transcript. Contrary to Appellant's assertion, we agree with the trial court that the record—including the reconstruction—is sufficient to provide meaningful appellate review. Accordingly, we affirm the trial court's final judgment and sentence.

**Background**

The State charged Appellant—the property manager of a condominium association—with one count of fraudulent use of personal identification information and one count of grand theft of property valued at between $20,000 and $100,000. The charges were related to Appellant's opening a credit card account using the association president's personal information and then using that card to make non-business purchases for himself thereafter. Appellant maintained that he did so with the

president's knowledge and permission, as a means of reimbursement for purchases he had made for the association using his own credit cards and checking account. The association president and association treasurer both disputed Appellant's explanation.

The case proceeded to a four-day jury trial, resulting in Appellant's acquittal on the fraudulent use charge and conviction on a lesser-included offense on the theft charge. On appeal, it was discovered that a portion of Appellant's direct testimony was not transcribed. We granted Appellant's motion to have a complete transcript prepared. A corrected transcript was prepared and filed, but there remained a gap due to the court reporter inadvertently failing to transcribe a part of the proceeding and no longer having access to his stenographer notes (the reporter maintains the notes and other items were stolen from his car). We thus relinquished jurisdiction to the trial court to reconstruct the record.

On relinquishment, it was discovered that an approximately 45-minute portion of the transcript of Appellant's direct testimony was missing. Because Appellant argued this missing testimony concerned "a pivotal point in the trial," he filed a motion for certification of inability to reconstruct trial record. The State opposed this motion, arguing that "[e]very effort should be made to reconstruct the record," and that the parties should each "present[] what they believe did occur" during this period.

To that end, the State provided the trial court with a reconstruction of the trial record, including a photograph of a demonstrative chart used by Appellant during his direct examination. The State contended that Appellant's testimony during the approximately 45 minutes closely followed the demonstrative chart, which purported to show an extensive list of credit card payments that Appellant asserted supported his theory of defense. Appellant did not provide his own reconstruction, though he did file an objection to the State's effort, arguing it "fail[ed] to incorporate specific facts, details, arguments, objections and other aspects of the record which are necessary to any meaningful appellate review." The State responded to Appellant's objections by filing a second reconstruction.

Following a hearing, the trial court approved the reconstructed record submitted by the State. On appeal, Appellant argues we should not accept this record because it is "inadequate for meaningful appellate review."

2

## Analysis

"A defendant is not entitled to a full transcript of all proceedings." *Campbell v. State*, 287 So. 3d 629, 629 (Fla. 4th DCA 2020). When a transcript is incomplete, "[t]he question to be asked is whether the [incomplete] portions are necessary for a complete review." *Velez v. State*, 645 So. 2d 42, 44 (Fla. 4th DCA 1994) (emphasis omitted).

Florida Rule of Appellate Procedure 9.200(b)(5) provides as follows:

> [I]f the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties . . . . Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. . . .

"[A] stipulated statement or reconstruction pursuant to [Rule 9.200(b)(5)] . . . contemplate[s] participation by both parties . . . ." *Garcia v. State*, 578 So. 2d 325, 326 (Fla. 4th DCA 1991).

Here, Appellant had numerous opportunities to provide his own reconstruction of the transcript or to object to the State's reconstruction. Appellant provided no independent recollection, though he was given an opportunity to object to the State's efforts and his objections were heard and considered by the trial court.

Further, the missing transcript must "reflect matters which prejudice the defendant." *Jones v. State*, 923 So. 2d 486, 489 (Fla. 2006). To establish prejudice, a defendant must "link a meritorious appellate issue to the allegedly missing record . . . ." *See Armstrong v. State*, 862 So. 2d 705, 721 (Fla. 2003). Here, Appellant has failed to establish prejudice, as he has failed to link the missing portion of the transcript to a meritorious issue raised on appeal.

Appellant cites our recent opinion in *Brown v. State*, 309 So. 3d 677 (Fla. 4th DCA 2021)—a case involving the same court reporter and the alleged theft of his stenographer notes—as authority for reversal. *Id.* at 678 n.1. However, in that case, the entire transcript was missing, and the State conceded that the defendant was prejudiced at the reconstruction hearing. *Id.* at 679. This is entirely unlike the instant case, where less than an hour's transcription of a four-day trial is missing, the State provided a detailed reconstruction of the missing transcript, the trial court

held multiple hearings and entertained Appellant's objections, and Appellant is unable to link a meritorious argument on appeal to the missing transcript.

## Conclusion

We find no error in the trial court's determination that the missing portion of the transcript was sufficiently reconstructed. Nor do we otherwise find reversible error with respect to the other issues raised by Appellant for appellate review. Accordingly, the trial court's judgment and sentence are affirmed.

*Affirmed.*

GROSS and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***