683 So.2d 534 (1996)
Norman WATSON, Appellant,
v.
Dorothy WATSON, Appellee.
No. 95-0223.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
Rehearing Denied October 8, 1996.
*535 Robert L. Bogen of Law Offices of Robert L. Bogen, Boca Raton, for appellant.
Abbe Cohn of Abbe Cohen, P.A., Fort Lauderdale, for appellee.
STEVENSON, Judge.
This is an appeal from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The parties were married for thirteen years when the former wife filed a petition for dissolution of marriage along with a discovery request. No children have been born of the marriage. The trial court listed the marital assets as follows:
1) house in Massachusetts with approximate equity of $190,000;
2) rental apartments in Massachusetts with approximate equity of $250,000;
3) house in Florida with approximate equity of $56,000;
4) one 1984 Mercury Cougar customarily driven by the former wife and one 1985 Mercury Marquis customarily driven by the former husband;
5) former husband's pension from his forty year employment with the U.S. Post Office.
Of these marital assets, the trial court awarded the former wife lump sum alimony of $248,000, representing her share of the marital assets (the marital assets totaled $496,000 excluding the two vehicles and the marital portion of the former husband's pension; these assets were to be evenly split between the parties). The former wife was awarded the Florida home outright. The former husband was to retain ownership of the Massachusetts properties. The former wife was also to be awarded, at a future date, a retirement payment from the former husband's pension that fairly represents her marital share of the retirement benefit.
Appellant argues, and we agree, that this distribution scheme represents a double credit for the former wife with respect to the value of the marital home. If the wife were to immediately sell the Florida home, she would then have another $56,000 (the equity in the marital home) to add to the $248,000 she received in lump sum from the former husband. However, credit for one-half of the $56,000 equity in the Florida home ($28,000) has already been included in the $248,000 lump sum alimony representing her share of the marital assets. In order to effect an equal distribution of marital assets, the former husband would be entitled to one-half of the additional $28,000 of equity in the Florida home which the wife would receive.
Although it is within the trial judge's discretion to award an unequal distribution of marital assets, the court must justify such a distribution based on all relevant factors. § 61.075(1), Fla. Stat. (1995). In the present case, the trial court did not provide any *536 justification for this disproportionate share and our review of the record discloses none. The distribution can be equalized if the former husband were given additional credit for one-fourth of the equity in the marital home, or $14,000, thus decreasing the former wife's lump sum alimony payout to $234,000.
We reject the former husband's claim that he was not given adequate notice of the date of the final hearing. The former husband received an order setting calendar call which noticed him that calendar call was set for August 26, 1994, and that the action was scheduled to be heard on the "nonjury calendar commencing September 12, 1994." He failed to appear at the calendar call. Ultimately, the final hearing was held on September 16, 1994. The former husband now complains that he had no notice of the date of the hearing in accordance with Florida Rule of Civil Procedure 1.440(c), which requires the trial court to "enter an order fixing a date for trial." We conclude that, in the instant case, the order setting calendar call fulfilled the requirements of the rule. The order required the parties to appear at the calendar call. The purpose of the calendar call was for the court to consider possible conflicts and to more specifically advise the parties when the case would actually be heard on the docket commencing September 12, 1994. The former husband sought no relief from the trial court concerning his mandatory attendance at the calendar call. Furthermore, any claim by the former husband that the trial court did not give adequate notice of the precise date of trial is defeated by his failure to provide this court with a transcript of the actual calendar call hearing which took place on August 26, 1994.
We have considered the other issues raised in appellant's brief and find no error. Accordingly, we affirm in part and reverse in part. We remand this cause to the trial court to amend the final judgment in accordance with this decision.
GLICKSTEIN and SHAHOOD, JJ., concur.