692 So.2d 279 (1997)
Homer L. TALLEY, Appellant,
v.
Donna Mae FAIN, f/k/a Donna Mae Talley, Appellee.
No. 96-2441.
District Court of Appeal of Florida, Fifth District.
April 25, 1997.
*280 Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for Appellant.
William L. Mims, Jr. of William L. Mims, Jr., P.A., Orlando, for Appellee.
GOSHORN, Judge.
Homer L. Talley appeals the order finding him in contempt for failure to pay child support and requiring him to pay over $30,000 in estimated counseling fees, health insurance premiums, medical bills, and attorneys' fees. He alleges, inter alia, that the court abused its discretion by failing to grant a continuance to enable him to attend the contempt hearing in person and to obtain the assistance of counsel. We agree and reverse.
Although there is some dispute as to when Talley received notice of the hearing, the earliest that he could have received it was June 19, 1996 when the papers were delivered at his alleged residence in North Carolina. The hearing was scheduled for July 1, 1996 in Orlando. According to Talley, he received actual notice of the hearing only four days (two business days) prior to the hearing. He attempted to retain counsel but was told the attorney would be out of town for two weeks. Talley stated the attorney advised him to contact the court and obtain a continuance. Talley telephoned the court the day and time of the hearing, requested a continuance, and explained that he would have appeared in person but for transportation problems due to the short notice. The court denied the continuance.
Generally, a trial court has discretion to grant or deny a continuance, and its decision will not be disturbed absent a finding of abuse of discretion. Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994). In this case, we find that under the circumstances and considering the substantial relief requested, the trial court did abuse its discretion by denying a continuance until Talley could attend in person and obtain the assistance of counsel. There was no emergency which required proceeding with the hearing, and the requested two-week postponement would not have prejudiced Appellee.
Accordingly, we reverse the contempt order and remand for a prompt hearing. Notice of the hearing may be served on Talley's attorney, Mr. Murrell, who has filed an appearance on his behalf.
REVERSED and REMANDED for further proceedings.
PETERSON, C.J., and DAUKSCH, J., concur.