PER CURIAM.
The former wife timely appeals the trial court’s order denying her ore tenus motion for a continuance made on the day of the final hearing of dissolution. We reverse.
The wife filed a petition for dissolution of marriage in August of 1996, at which point the couple had been married approximately nine years, possessed relatively few assets, and had one eight year old son of the marriage. The cause was set on the trial docket for the weeks of April 1, 1997, through May 9, 1997, with mandatory docket call set for March 19, 1997. Three months before the docket call, on December 19, 1996, the former wife’s counsel moved to withdraw. The court granted that motion on January 7, 1997, and the wife proceeded pro se.
The former wife admits she was aware of the docket call and alleges she called the trial judge’s judicial assistant (JA) on March 19 to advise she would be unable to attend the docket call. She alleges she was told her appearance was unnecessary and the judge would be informed she was unable to appear. The former husband apparently appeared at the docket call and trial was set for April 9, 1997. Neither the trial court nor the husband’s counsel served the wife with notice fixing the date of trial. The former wife asserts, and the former husband does not dispute, that the first notification she received of the final hearing was when the husband’s counsel called her on the morning of April 9 to advise her the court was waiting for her appearance. The former wife appeared for the final hearing, pro se, made an ore tenus motion for continuance which was denied, and both she and the former husband presented testimony.
Final Judgment of Dissolution was rendered on April 23, 1997, which denied the wife’s claim for alimony, named the husband primary residential parent, ordered the wife to pay child support, and granted sole and exclusive use of the marital home to the husband. The former wife moved for a new trial and/or rehearing on the basis she did not receive proper notice of the final hearing and was entitled to a continuance by the court. Her motion was denied.
We have recognized an order setting a mandatory calendar call may fulfill the directive of Florida Rule of Civil Procedure 1.440(e), which requires the trial court to enter an order fixing a date for trial. See Watson v. Watson, 683 So.2d 534, 536 (Fla. 4th DCA 1996). Nevertheless, under the circumstances of this case we believe the trial court abused its discretion in denying the former wife’s motion for continuance. In the instant case the pro se wife was effectively afforded a one or two hour notice of a contested final hearing in a dissolution matter where issues of child custody, child support, and alimony were decided. The husband would not have been prejudiced by a brief continuance of this cause. See Talley v. Fain, 692 So.2d 279 (Fla. 5th DCA 1997) (reversing contempt order where pro se par *333 ty allegedly received four days notice of hearing, substantial relief was requested, no emergency required proceeding with hearing, and postponement would not prejudice opposing party).
REVERSED and REMANDED.
GUNTHER, POLEN and KLEIN, JJ., concur.