807 So.2d 191 (2002)
Jean-Claude PAUL, Appellant,
v.
Jeanne E. PAUL, Appellee.
No. 3D01-1322.
District Court of Appeal of Florida, Third District.
February 20, 2002.
*192 Brutus & Roberson, and Phillip J. Brutus, North Miami, for appellant.
Deutsch & Blumberg, and James C. Blecke, Miami, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
Jean-Claude Paul appeals from an order denying his Motion to Set Aside Final Judgment and his Motion for Rehearing following entry of a Final Judgment of Dissolution of Marriage. We reverse because, through a series of inadvertent errors, the husband and his counsel did not receive actual notice of the date of final hearing until the day after it was held.
On December 7, 1999, Jean-Claude Paul filed for dissolution of marriage. Jeanne Paul filed an answer and cross-claim. Mr. Paul was represented by Phillip J. Brutus. Following a disagreement, Mr. Brutus moved to withdraw from the case. The court entered an Order of Withdrawal on July 21, 2000. Mr. Paul subsequently returned to Mr. Brutus for assistance with his case. Mr. Brutus agreed to help him. On October 20, 2000, Mr. Brutus prepared and served a response to a pending request for production and answers to interrogatories. On October 23, 2000, Mr. Brutus' partner appeared at a status conference on behalf of Mr. Paul. The court's handwritten disposition sheet for October 23 states that "Phillip Brutus is continuing to [represent Mr. Paul]." On November 27, 2000, Mr. Brutus' partner attended a mediation conference as Mr. Paul's counsel.
A mandatory calendar call was scheduled for January 8, 2001. The notice of the calendar call was sent to Mr. Brutus' office, but not to Mr. Paul. Mr. Brutus' secretary was apparently confused by the order of withdrawal and did not inscribe the calendar call date in counsel's court calendar.[1] Neither Mr. Paul, Mr. Brutus, *193 nor anyone from his firm attended the calendar call, where the case was set for final hearing on January 18, 2001. At that point, however, as a matter of professional courtesy, most attorneys would have picked up the telephone to inquire from opposing counsel why no one had attended the calendar call.[2] Instead, the attorney for Mrs. Paul sent notices of the final hearing to both Mr. Paul and Mr. Brutus, but for some reason they were not mailed until January 16, 2001 (they are postmarked January 17, 2001). The notices were not received until the day after the court heard the matter and issued an oral decree of dissolution. Neither Mr. Paul nor his attorney attended the final hearing. Again, no one called Mr. Paul nor his counsel to see why they were not in attendance, even though they had been at the status conference and the mediation.
On January 26, 2001, Mr. Brutus filed a notice of appearance. That same day, Mr. Paul filed a Motion to Set Aside Final Judgment, alleging improper notice, and a Motion for Rehearing. Mr. Paul appeals the denial of those motions.
Mr. Paul argues that he was not given proper notice of the final hearing because it was mailed the day before the hearing. He does not dispute, however, that he received notice of the mandatory calendar call, at which the date of the final hearing was set. This notice was properly sent to Mr. Brutus rather than directly to Mr. Paul, even though Mr. Brutus had previously withdrawn as Mr. Paul's counsel, because Mr. Brutus subsequently filed pleadings and participated in the litigation. Although counsel did not file a formal notice of appearance, an appearance may be found even in the absence of any filings when an attorney shows up for a hearing and participates in the proceedings. See e.g. Florida Public Service Com'n v. Pruitt, Humphress, Powers & Munroe Advertising Agency, Inc., 587 So.2d 561, 562 n. 2 (Fla. 1st DCA 1991). A notice of appearance is merely a convenient way of placing counsel's name and address on the record. Weatherhead Co. v. Coletti, 392 So.2d 1342, 1344 (Fla. 3d DCA 1980). Here, counsel not only showed up at a status conference, but apparently represented to the court that he was back in the case. Furthermore, subsequent to his withdrawal any one of the pleadings filed by counsel indicated his continuing representation of Mr. Paul.
The undisputed facts make it clear that Mr. Brutus resumed his representation of Mr. Paul well before he received the notice of the calendar call. That Mr. Brutus chose to wait until January 26, 2001, before filing a notice of appearance does not change the fact that he had been acting as the attorney for Mr. Paul since at least October 20, 2000. Therefore, receipt of the notice of calendar call by Mr. Brutus' office was sufficient to provide notice to Mr. Paul.
Once we find that the calendar call notice was properly sent to counsel, we must decide whether it was necessary to provide additional notice to Mr. Paul of the date of the final hearing. The fourth district, in Watson v. Watson, 683 So.2d 534 (Fla. 4th DCA 1996), held that notice of the calendar call fulfilled the requirements of Florida Rule of Civil Procedure 1.440(c). We cannot agree that an attorney can attend a calendar call, be given a date and *194 time for trial, then wait until the day before to mail notice to the adversary. Mrs. Paul's attorney had ample time to notify opposing counsel, yet apparently through some clerical error, delayed notifying him for more than a week.
We agree with Watson that the purpose of a calendar call is to consider possible conflicts and to advise the parties more specifically when the case will actually be heard. By not attending, an attorney would waive any potential conflicts in schedule. Counsel has a professional obligation to appear at the calendar call when ordered to do so. The court has the power to sanction counsel who fails to appear, but we can hardly visit upon the client the sins of counsel. Here Mr. Paul's only asset, the marital home, was awarded to the wife, and he was never given the opportunity to be heard on the matter. We cannot adopt a rule like that of Watson which invites sharp practices. Counsel must provide prompt notice of the actual trial date. In this case, there was sufficient time between the calendar call and the trial to notify counsel of record by mail, provided the letter had been promptly mailed. A telephone call may be more appropriate when there is less time.[3]
We hold that Mr. Paul should have been granted relief from the final judgment under Florida Rule of Civil Procedure 1.540. Accordingly, we reverse the order denying the Motion to Set Aside Final Judgment and Motion for Rehearing.
We certify conflict with Watson v. Watson, 683 So.2d 534 (Fla. 4th DCA 1996).
FLETCHER and RAMIREZ, JJ., concur.
COPE, J. (concurring).
I entirely agree with Judge Ramirez' opinion. I also believe that considerations of due process require reversal.
It is, I believe, the unvarying local practice for the trial judge to insist that notice of the trial date be given to the other side, where one side has failed to appear at the calendar call. One common method of doing this is for the trial judge to direct counsel who did appear to give notice.[****] Another approach is for the trial judge to direct his or her own judicial assistant to do so.
Where, as here, there is a no-show at the calendar call, notice of the trial date must be given. See Watson v. Watson, 583 So.2d 410 (Fla. 4th DCA 1991); Oberpriller v. Dellapa, 557 So.2d 130 (Fla. 3d DCA 1990); Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988). Whether the notice should be by telephone, fax, mail, or some combination depends on the circumstances.
I cannot accept the position of the Fourth District in Watson v. Watson, 683 So.2d 534 (Fla. 4th DCA 1996), that where counsel (or an unrepresented party) fails to appear at calendar call, the case may go to trial ex parte.
*195 That is not to say that counsel (or an unrepresented party) can ignore the requirement to appear at calendar call. Quite the contrary, a failure to attend can be a basis for the imposition of sanctions. But the failure to attend cannot be the basis for allowing the trial to take place without giving notice of the trial date to the absent party.
NOTES
[1] This calendaring error would have provided grounds to set aside the final judgment. See e.g., Sanchez v. Horrell, 660 So.2d 366 (Fla. 4th DCA 1995). However, this ground was never asserted to the trial court in the motion. In fact, at the hearing on the motion to set aside, counsel stated that no one appeared at the calendar call because counsel expected the matter to settle.
[2] Appellee was represented by different counsel at the trial level.
[3] We agree with the concurring opinion that the investment of a few minutes' time by counsel or a judicial assistant would have, in the long run, been a great deal more efficient.
[****] I am confident that the trial judge in this case so ordered. The calendar call was held on January 8, 2001. The wife's counsel prepared a written notice of final hearing which bears a certificate of service date of January 9, 2001. However, there apparently was a clerical error in counsel's office and as the majority opinion indicates, the notice was not actually mailed until January 16 or 17 for a January 18 final hearing. The husband and his counsel did not receive the notice until after the final hearing. Had the notice been mailed on January 9 as the wife's trial counsel undoubtedly intended, there would have been ample notice of the final hearing date.