932 So.2d 270 (2005)
Michael J. BUCHANAN, Appellant,
v.
Mary Pulliam BUCHANAN, Appellee.
No. 2D04-5016.
District Court of Appeal of Florida, Second District.
October 7, 2005.
Robert L. Valentine, Lakeland, for Appellant.
Douglas H. Smith of The Smith Law Group, P.A., Lake Alfred, for Appellee.
SILBERMAN, Judge.
In this postdissolution proceeding, Michael J. Buchanan (the Former Husband) appeals a civil contempt order. Because the record does not contain competent, substantial evidence to support the trial court's finding of the Former Husband's present ability to pay the $10,000 purge amount, we reverse.
The trial court found the Former Husband in contempt for failure to pay previously ordered attorney's fees of $10,000 to the attorney for Mary Pulliam Buchanan (the Former Wife). In the contempt order, the trial court further found that the Former Husband had the present ability to pay $10,000, sentenced him to 179 days in jail, and allowed him to purge the contempt and be released from jail with the payment of $10,000.
In order to impose incarceration for civil contempt, the trial court must find "that the contemnor has the present ability to purge himself of contempt." Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985). Thus, the contemnor must have "the present ability to pay from some available asset[.]" Id. Here, the trial court found that the Former Husband had various assets totaling $14,000 and the present ability to pay $10,000 from those assets. The record does not support this finding.
Most significant is the trial court's finding that the Former Husband had $9200 available to him in corporate stock. No one at the contempt hearing testified to the value of the Former Husband's corporate *271 stock; rather, the trial court relied on the Former Husband's corporate tax return to support its finding. A review of the tax return, however, reflects that it lists "[t]otal liabilities and shareholders' equity" of $9200. The tax return lists the stock value at only $1000.
Thus, the record does not contain competent, substantial evidence to support the trial court's finding that the Former Husband had the present ability to pay $10,000. Accordingly, we reverse the contempt order.
Reversed.
CASANUEVA and CANADY, JJ., concur.