939 So.2d 181 (2006)
SANTO ANTHONY DILEO, SR., Appellant,
v.
THERESA YARBROUGH DILEO, Appellee.
Case No. 5D05-4461.
District Court of Appeal of Florida, Fifth District.
Opinion filed October 6, 2006.
Santo Anthony Dileo, Sr., New Orleans, pro se.
No Appearance for Appellee.
MONACO, J.
The appellant, Santo Anthony Dileo, Sr., appeals an order of the trial court finding him in civil contempt of court for failing to live up to his child support obligations required by a dissolution of marriage judgment rendered in 1999. We reverse first because the appellant was not properly notified of the hearing holding him in contempt, and second because the trial court failed to set forth in the contempt order the requisite findings and conclusions.
Subsequent to the dissolution, the former wife, Theresa Yarbrough Dileo, and the appellant both moved out of Florida to different states. Mr. Dileo resides in Louisiana, while the former wife lives in Tennessee. So far as we are able to tell from the record, Mr. Dileo is alleged to have failed to pay child support for several years, apparently based on his contention that his former wife was interfering with his rights of visitation. Ms. Dileo filed a motion for contempt with a certificate of service indicating that a copy of the motion was sent to Mr. Dileo by mail. She sought, as well, an emergency motion to suspend visitation or contact by Mr. Dileo with his children, again showing service by mail. While Mr. Dileo was never personally served with these motions, he did receive a faxed copy of the motion two days before the hearing. In response, he filed a verified motion to dismiss the proceeding for lack of personal jurisdiction. His position was that because both parties had moved to other states, and because the children resided in another state with their mother, Florida no longer had jurisdiction over this matter. While difficult to discern from the motion, it appears that Mr. Dileo was arguing either that Florida no longer had jurisdiction over the issue of child support (apparently based on sections 61.515 and 61.514, Florida Statutes (2005)), or that the Florida forum was now inconvenient and should not exercise further jurisdiction, in accordance with section 61.520, Florida Statutes (2005). He suggested that jurisdiction more logically fell within Tennessee where the former wife and their children now reside.
Both parties appeared telephonically at a hearing to consider the motion to suspend visitation and Mr. Dileo's motion to dismiss. The trial court denied the motion to dismiss, holding that it had continuing jurisdiction over the matter, and partially granted and partially denied the motion concerning visitation.
Counsel for the former wife then set a hearing on the motion for contempt and attempted to serve a copy of the notice of hearing on Mr. Dileo by certified mail to his residence in Louisiana. There is no indication in the record that Mr. Dileo ever received the notice, or for that matter, a copy of the motion for contempt. Apparently a process server was also hired by the former wife to try to serve Mr. Dileo with the notice of hearing on the contempt motion, but the response came back with this notation:
No answer from front door, challenged by neighborhood watch Rep. who stated Santo Dileo left for AK when storm came and, was going to Las Vegas after that.
Mr. Dileo, according to the documents filed by him in the trial court, had evacuated in advance of an approaching hurricane.
The former wife appeared by telephone at the contempt hearing, but despite the lack of any indication that Mr. Dileo had ever been notified of the hearing, the trial court found him in willful contempt for failure to pay child support. The court later issued an order to show cause with a date for that hearing set forth in the order and required personal service of the order.
A month later Mr. Dileo made contact with the clerk's office to notify the clerk of a change of address. Shortly thereafter a process server returned a notice of service indicating that Mr. Dileo had been served with copies of the contempt order and the order to show cause.
Mr. Dileo then filed a motion to quash service of process and to vacate the judgment against him. The trial court scheduled a hearing on Mr. Dileo's motion but changed the date of the show cause hearing. An amended notice was sent by mail to Mr. Dileo in New Orleans. There is once again, however, nothing in the record that reflects that Mr. Dileo actually received notice of the new date, and he alleges in a verified document that he did not. Mr. Dileo's guess is that the attempted communications with him never got through because of the aftermath of Hurricane Katrina, which had struck the Gulf Coast in the interim. In any event, Mr. Dileo did not attend the rescheduled hearing and was found in contempt. He appeals.
A person facing civil contempt sanctions is unquestionably entitled to notice and an opportunity to be heard. See Chetram v. Singh, 31 Fla. L. Weekly D2235 (Fla. 5th DCA Aug. 25, 2006); Akridge v. Crow, 903 So. 2d 346 (Fla. 2d DCA 2005). Rule 12.615 of the Florida Family Law Rules of Procedure, which governs civil contempt in family support matters, states:
(b) Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. [Emphasis added] The civil contempt motion and notice of hearing may be served by mail provided notice by mail is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: "FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD."
Subsection (c) of the same rule also indicates that the court must expressly find that the alleged contemnor had notice of the motion and hearing before it may conduct such a proceeding. In this regard Florida Rule of Civil Procedure 1.090(d) provides that "a copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing." It is a fundamental tenet of our system of civil justice that a party must have actual notice of and time to prepare for a contested hearing. See Harreld v. Harreld, 682 So. 2d 635 (Fla. 2d DCA 1996). Certainly the same is true of civil contempt hearings in the family law context. See Woolf v. Woolf, 901 So. 2d 905 (Fla. 4th DCA 2005); Paul v. Paul, 807 So. 2d 191 (Fla. 3d DCA 2002), review dismissed, 865 So. 2d 1277 (Fla. 2004).
Mr. Dileo was entitled to proper notice both of the hearing on the motion for contempt and the show cause hearing, as well as adequate time to prepare for each. Here, the record simply fails to demonstrate that Mr. Dileo was properly notified and a reversal is required on this basis alone. There is, however, another problem with the procedure utilized in this case.
An order of contempt for failure to pay child support must include factual findings reflecting the existence of a prior valid order of support; the failure to pay all or part of the ordered support; the present ability of the offending parent to pay the support; and the willful refusal of the offending parent to comply with the prior court order. See Chetram, 31 Fla. L. Weekly at 2235; see also Faircloth v. Faircloth, 339 So. 2d 650, 651 (Fla. 1976); Ross v. Botha, 867 So. 2d 567, 570 (Fla. 4th DCA 2004); Safie v. Safie, 416 So. 2d 485 (Fla. 3d DCA 1982). Here, the trial court's order does not contain specific findings that Mr. Dileo had notice, nor does it address the present ability of Mr. Dileo to pay the purge amount, which at that point totaled $53,878.51.[1] It is, accordingly, legally insufficient.
We, therefore, reverse the order finding Mr. Dileo in contempt, quash the writ of bodily attachment issued pursuant to the contempt order, and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
PLEUS, C.J. and ORFINGER, J., concur.
NOTES
[1] The alternative to the purge amount was incarceration for 179 days. If the alternative sanction for civil contempt is incarceration, the contemnor must be given an opportunity to establish inability to pay. If the trial court orders incarceration, the court must make a separate affirmative finding of ability to pay. See Fla. Fam. L.R.P. 12.615(e); see also Ross, 867 So. 2d at 570.