998 So.2d 1168 (2008)
Barry UDELL, Appellant,
v.
Linda UDELL, Appellee.
No. 2D05-1754.
District Court of Appeal of Florida, Second District.
December 17, 2008.
*1169 Susan Hartmann Swartz, Bradenton, for Appellant.
Cary A. Cliff of Cary Alan Cliff, P.A., Naples, for Appellee.
NORTHCUTT, Chief Judge.
The trial court refused Barry Udell's well-founded request for a continuance of the trial in his dissolution of marriage action, and for that reason he was unable to personally attend the trial or secure a court reporter. We conclude that the court abused its discretion in that regard. Therefore, we reverse the final judgment in all respects except for the provision dissolving the marriage.
The record on appeal is sketchy and piecemeal, but we have gleaned the critical facts. In December 2004, slightly over a year after the Udells' dissolution action commenced, a general magistrate conducted a case management conference. The magistrate's report stated, in pertinent part, that an order for nonjury trial was attached and would be the only notice of trial. The attached order did not set a trial date, but the magistrate's report stated:
TRIAL February 9, 2005 at 9:00 a.m. (Calendar Call).
Trial will be scheduled with the Honorable Franklin G. Baker, at the Calendar Call to be held on February 9, 2005 at 9:00 a.m. All parties must personally attend the subsequent trial before Judge Baker.
(Emphasis supplied.)
However, on February 8, the day before the noticed calendar call, the court held a hearing at which neither Mr. Udell nor his attorney appeared. The purpose of that hearing is unclear. Mrs. Udell's attorney was present. Later, in an itemization of charges filed in conjunction with a motion for attorney's fees, the attorney referred to the February 8 proceeding as a "docket sounding." The Clerk's minutes characterized the hearing as a calendar call. But in subsequent proceedings to reconstruct the record on appeal, the judge denied that the hearing was a calendar call, which he said had been held previously. Instead, the judge said, the purpose of the February 8 proceeding was to set the order of the cases scheduled for trial during that time period. The record contains nothing to show that Mr. Udell or his attorney were notified of a February 8 hearing of any sort, but on that day the court apparently set the Udells' trial for the next day, February 9, at 8:30 a.m.
Mr. Udell's attorney had planned to attend the scheduled February 9 calendar call by telephone at 9:00 a.m., as noticed in the magistrate's report. When she and Mr. Udell did not appear at 8:30 a.m., the court postponed the trial to 1:30 that afternoon and instructed Mrs. Udell's attorney to notify opposing counsel. Mr. Udell's attorney was able to personally appear at the afternoon trial. She made an emergency request for a continuance because she was unable to secure the presence either of a court reporter or of Mr. Udell, *1170 who was in Colorado. The court denied the motion, proceeded with the nonjury trial, and thereafter entered the final judgment that is challenged on appeal.
We begin with the magistrate's report following the case management conference. It made no mention of a February 8 proceeding. From the language setting a "calendar call" for 9:00 a.m. on February 9, the parties reasonably could expect that the court would set the date and time for trial at that hearing. See, e.g., Watson v. Watson, 683 So.2d 534, 536 (Fla. 4th DCA 1996) (stating that "purpose of the calendar call was for the court to consider possible conflicts and to more specifically advise the parties when the case would actually be heard"); Paul v. Paul, 807 So.2d 191 (Fla. 3d DCA 2002) (agreeing with Watson's description of calendar call). Notably, the report required the parties to personally attend the "subsequent" trial.
Instead, the court apparently scheduled the trial at an unnoticed, ex parte proceeding on February 8. Then, on February 9 at 8:30, not 9:00 as previously noticed, and again in the absence of Mr. Udell and his attorney, the court ordered the trial to start that afternoon. Although the court delayed the afternoon trial for an hour or so in deference to counsel's ultimately futile effort to obtain a court reporter on such short notice, the court refused to grant a continuance.
Certainly, in his appeal Mr. Udell might have complained that conducting an unnoticed, ex parte hearing in which his trial was scheduled for the very next morning deprived him of his right to due process, but he has not. Instead, he contends that the trial court abused its discretion when rejecting his emergency motion for a continuance. We agree.
We recognize a trial court's broad discretion when deciding whether to grant a continuance, but this discretion is not unlimited. Baron v. Baron, 941 So.2d 1233, 1235 (Fla. 2d DCA 2006) (reviewing exercise of discretion in light of factors such as whether moving party will suffer injustice without continuance, whether reason for request was unforeseen or for purposes of delay, and whether nonmoving party will be prejudiced by continuance). On the day when Mr. Udell and his attorney had been led to believe there would be a calendar call, they were instead faced with a final hearing on just a few hours notice. The lateness of the notice precluded Mr. Udell from attending and from obtaining a court reporter, which prejudiced him. We have heard no argument suggesting that Mrs. Udell would have been prejudiced by a continuance. In fact, it might be said that she concedes this error in that she has failed to file an answer brief in this appeal. Accordingly, we reverse. See Powell v. Powell, 719 So.2d 331 (Fla. 4th DCA 1998) (concluding that court abused its discretion in denying oral motion for continuance of final dissolution hearing scheduled on short notice).
Our disposition generally renders the remaining issues moot. We affirm the denial of Mr. Udell's motion for a change of venue without discussion. On a final note, we observe that the delay between the filing of the appeal in March 2005 and its disposition today stemmed from an unduly complex endeavor to obtain a statement of the evidence and proceedings in accordance with Florida Rule of Appellate Procedure 9.200(b)(4). For the edification of the parties and the trial court, we note that the rule authorizesindeed, requires the lower court's participation in this process, and no order from this court should be necessary. See Fla. R.App. P. 9.200(b)(4) (providing for appellant's preparation of statement, service on appellee, and submission to lower tribunal for settlement and approval); see also Kuenstler v. *1171 Andreasen, 386 So.2d 896 (Fla. 1st DCA 1980) (explaining lower tribunal's responsibility to decide factual disputes between appellant's proposed statement and appellee's objections and proposed amendments, if any).
Affirmed in part, reversed in part, and remanded for new trial.
DAVIS and LaROSE, JJ., Concur.