LaROSE, Judge.
Ghassan Mansour appeals the trial court’s order, based on a magistrate’s report and recommendation, holding him in indirect civil contempt for failing to pay substantial child support arrearages to Da-lai Helmi Mansour, his former wife. The trial court failed to find that Mr. Mansour had notice of his former wife’s motion and of the hearing date. See Fla. Fam. L.R.P. 12.615(d)(2). Additionally, the record does not contain competent, substantial evidence to support the trial court’s finding that Mr. Mansour had the present ability to pay a $25,000 purge amount. We must reverse and remand for further proceedings.
Florida Family Law Rule of Procedure 12.615 provides, in pertinent part, as follows:
(c) Hearing. In any civil contempt hearing, after the court makes an express finding that the alleged contemnor had notice of the motion and hearing:
(1) the court shall determine whether the movant has established that a prior order directing payment of support was entered and that the alleged contemnor has failed to pay all or part of the support set forth in the prior order; and
(2) if the court finds the movant has established all of the requirements in subdivision (c)(1) of this rule, the court shall,
(A) if the alleged contemnor is present, determine whether the alleged contem-nor had the present ability to pay support and willfully failed to pay such support.
[[Image here]]
(d) Order and Sanctions. After hearing the testimony and evidence presented, the court shall enter a written order granting or denying the motion for contempt.
[[Image here]]
(e) Purge. If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor’s present ability to comply.
At the hearing on the contempt motion, all agreed that Mr. Mansour did not receive proper notice. Nevertheless, the trial court proceeded and found Mr. Mansour in indirect civil contempt. It also set a purge amount without imposing a *980 coercive sanction that the purge would remove. The trial court ordered Mr. Mans-our to pay $25,000 within four weeks. It made no finding as to notice, either orally or in the written order, as rule 12.615(c) requires. This was error. See Dileo v. Dileo, 939 So.2d 181, 184 (Fla. 5th DCA 2006).
The trial court also erred in requiring Mr. Mansour to pay a purge amount without a sufficient evidentiary basis to demonstrate his ability to comply. Mr. Mansour owned a roughly thirty-three percent interest in Park Edge Enterprises. The entity’s 2010 receipts were under five million dollars. Over Mr. Mansour’s objection, the trial court appears to have valued Mr. Mansour’s interest in the entity based on gross receipts.
Gross receipts, however, are an insufficient basis for valuation; the trial court must determine the value of corporate stock. See Buchanan v. Buchanan, 932 So.2d 270, 270-71 (Fla. 2d DCA 2005) (reversing contempt order for lack of competent, substantial evidence of ability to pay where corporate tax return was only evidence of value of corporation). “The trial court is bound by the general master’s factual findings unless they are not supported by competent, substantial evidence or are clearly erroneous.” Carls v. Carls, 890 So.2d 1135, 1138 (Fla. 2d DCA 2004) (citing Garcia v. Garcia, 743 So.2d 1225, 1226 (Fla. 4th DCA 1999)); see also Thornton v. Byrnes, 537 So.2d 1088, 1089 (Fla. 3d DCA 1989) (citing Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987)). The record before us does not contain competent evidence to support the general master’s valuation of the business.
Accordingly, we reverse the contempt order and remand for proceedings consistent with this opinion and upon proper notice.
Reversed and remanded.
DAVIS, C.J., and CASANUEVA, J., Concur.