IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT BALDWIN, JR.,

      Appellant,

 v.                                           Case No.  5D16-1055

JACQUELINE BALDWIN,

      Appellee.

_____/

Opinion filed November 18, 2016

Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Timothy Keyser, of Keyser & Sharbaugh,
P.A., Interlachen, for Appellant.

No Appearance for Appellee.


LAMBERT, J,

      In this dissolution of marriage action, Robert Baldwin, Jr., ("Former Husband")

appeals the final order on equitable distribution.[1]  Former Husband raises three issues on

---

[1] The trial court bifurcated the proceedings below; however, they later became trifurcated. The court first entered a final judgment dissolving the parties' marriage, reserving jurisdiction as to all other pending matters.  The court next entered a final order on timesharing, alimony, and child support, reserving jurisdiction to address the equitable distribution of the parties' assets and liabilities.  The court's third final order, now under review, distributed the assets and liabilities.

appeal, two of which are challenges to separate interlocutory orders holding him in indirect civil contempt. *See Saul v. Basse*, 399 So. 2d 130, 133 (Fla. 2d DCA 1981) (holding that an appeal of a final order includes review of all interlocutory orders leading to the final order, whether separately appealed or not (citations omitted)). We affirm the final order of equitable distribution without further discussion and affirm the second order of indirect civil contempt for reasons explained below. However, we vacate the first order of indirect civil contempt, dated July 1, 2015, because the trial court's failure to provide Former Husband with any notice of the contempt proceeding violated his right to due process.

The parties appeared before the court for trial on July 1, 2015, on their respective petitions for dissolution of marriage. At the onset of the trial, the court began questioning each party regarding the marital assets to be divided. Based upon the initial responses that it received to this inquiry, the court became concerned that Former Husband had not complied with an earlier court order that required the parties to disclose all of their assets at least seven days prior to trial. The court then reviewed Former Husband's financial affidavit filed in the case, and thereafter summarily "moved into an order to show cause hearing giving [Former Husband] an opportunity to explain why he should not be held in indirect civil contempt for failing to comply with mandatory disclosure." After considering Former Husband's testimony and explanation, the court held Former Husband in indirect civil contempt, immediately placed him into custody, and entered a civil contempt order that same day, which allowed Former Husband to purge his contempt by filing a detailed, accurate, and complete financial affidavit listing all marital assets.[2] Former Husband

_____

[2] As a result of this contempt proceeding, the court postponed the trial.

2

promptly complied with this contempt order and was released from custody the following day.

Former Husband argues that the trial court erred in holding the show cause hearing without allowing him sufficient time to prepare a defense to the contempt charge. We agree. However, because he was held in civil contempt and has long since filed the required financial affidavit and been released from custody, the question of mootness arises. An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. *See DeHoff v. Imeson*, 15 So. 2d 258, 259 (Fla. 1943). Nevertheless, under certain circumstances, an appellate court may consider a moot issue when the question raised is likely to recur. *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) (citing *Holly v. Auld*, 450 So. 2d 217, 218 n.1 (Fla. 1984)). Here, based on certain language used by the court in its order, it appears likely that the trial court will implement this same summary civil contempt procedure in other family law cases. Therefore, we find it necessary to address the error in the civil contempt proceedings.

"It is a fundamental tenet of our system of civil justice that a party must have actual notice of and time to prepare for a contested hearing." *Dileo v. Dileo*, 939 So. 2d 181, 184 (Fla. 5th DCA 2006) (citing *Harreld v. Harreld*, 682 So. 2d 635 (Fla. 2d DCA 1996)). Moreover, "[w]hile a person facing civil contempt sanctions is not entitled to the full panoply of due process rights afforded to a person facing indirect criminal contempt charges, he or she is nonetheless entitled to a proceeding that meets the fundamental fairness requirements of the due process clause of the Fourteenth Amendment to the United States Constitution." *Bresch v. Henderson*, 761 So. 2d 449, 451 (Fla. 2d DCA 2000) (citation omitted). These fundamental principles are applicable for civil contempt

3

hearings in the family law context. *Dileo*, 939 So. 2d at 184 (citing *Woolf v. Woolf*, 901 So. 2d 905 (Fla. 4th DCA 2005) (additional citation omitted)). In this case, the trial court's failure to provide Former Husband with proper notice and time to prepare for a civil contempt proceeding clearly violated his right to due process.

Accordingly, we affirm the final order of equitable distribution and the second order of indirect civil contempt,[3] but remand with directions that the trial court vacate its July 1, 2015 order of civil contempt.

AFFIRMED, but REMANDED with directions.

TORPY and COHEN, JJ., concur.

---

[3] In the second contempt proceeding, which resulted in Former Husband being immediately placed into custody, where he remained until released four days later after satisfying the purge requirement of that order, the trial court provided Former Husband with only two days' notice for the hearing. Two days' notice is insufficient notice of a contempt hearing. *Woolf*, 901 So. 2d at 911 (citations omitted). However, we have not vacated this second order of indirect civil contempt because Former Husband did not argue for reversal of this order due to insufficient notice and the grounds upon which he did seek reversal lacked merit.