# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JAMES EDWARD TERRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3978

[January 16, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 50-2014-CF-009348-AXXX-MB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, James Edward Terry, appeals his judgment and sentence for possession of cocaine, asserting the trial court erred in connection with three rulings during his trial and denying his second motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). The second 3.800(b) motion sought a new sentencing proceeding because the prior resentencing hearing was not recorded. We affirm without discussion the trial court's rulings concerning the asserted errors during trial. We also affirm the denial of Appellant's second 3.800(b) motion and explain our analysis. We conclude that Appellant's failure to seek relief pursuant to Florida Rule of Appellate Procedure 9.200(b)(4) precluded rule 3.800(b) relief.

*Background*

Appellant was charged by amended information with sale or possession of oxycodone with intent to sell within 1000 feet of a school, felon in possession of a firearm, and possession of cocaine. Subsequently, the

counts were severed. Appellant proceeded to trial on the felon in possession of a firearm charge first, was found guilty, and was sentenced to five years in prison. Appellant appealed that conviction and sentence, which we affirmed *per curiam*. *Terry v. State*, 226 So. 3d 845 (Fla. 4th DCA 2017).

A few months after the first trial, Appellant proceeded to trial on the possession of cocaine charge, which is the subject of this appeal. After the jury returned a verdict of guilty, Appellant was sentenced to four years in prison, consecutive to the sentence for the firearm charge. The original sentencing hearing for the cocaine charge was conducted on November 18, 2016. Thereafter, Appellant gave notice of the instant appeal.

During the pendency of this appeal, Appellant filed a motion to correct his sentence in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), on grounds that the scoresheet improperly included two open cases. The trial court granted Appellant's motion and directed that a separate order would be entered setting a resentencing hearing.

In June 2017, the trial court conducted a status hearing with regards to the rule 3.800(b)(2) motion. At the status hearing, the trial court asked defense counsel what the sentencing error had been and if there had been a trial. After defense counsel explained the scoresheet error, he reminded the trial court that there were two trials for Appellant:

> One was the felon in possession of a firearm at his house on the search warrant. The second one was the .1 grams of crack cocaine, Riviera Beach. I don't know if that's ringing any bells with you. We did two trials. This was the sentencing on the second trial.

Defense counsel also informed the trial court that Appellant's appeal from the first case had just been affirmed by this Court. When the trial court asked what Appellant's sentence had been in that case, defense counsel explained that Appellant's sentence in the first case was five years "and the second case was four years consecutive, so –" and the trial court then interjected, "Oh, I must have been mad."

A resentencing hearing was conducted on September 20, 2017, with Appellant present. At resentencing Appellant was again sentenced to four years in prison, consecutive to the five-year sentence for the felon in possession of a firearm charge. Subsequently, Appellant moved to supplement the appellate record with the transcript of the September 20 resentencing hearing. This Court granted the motion. However, it appears that the resentencing hearing could not be transcribed because it was

2

inadvertently not recorded. Therefore, there is no transcript available for the September 20 resentencing.

As a result, on October 31, 2017, Appellant filed a second motion to correct sentencing error under rule 3.800(b)(2), seeking a new resentencing hearing because the trial court failed to ensure that the September 20 resentencing was transcribed. On November 16, 2017, the trial court "on its own motion," entered an order scheduling a hearing for November 21, 2017, to recreate the record ("the *sua sponte* order"). The *sua sponte* order instructed the parties to be prepared to articulate as closely as possible their positions and arguments made at the September 20 resentencing, noting that the court would not entertain new argument. Notably, the order made no reference to the pending second rule 3.800(b)(2) motion.

At the November 21, 2017 proceeding to recreate the record, the State stated its recollection of its arguments made at the September 20 hearing and further stated that it was seeking the same sentence. When it was defense counsel's turn to articulate his recollection of the September 20 resentencing, he explained that he apparently did not save his notes from the hearing and did not have an independent recollection of what was said during the proceeding. For that reason, defense counsel asserted it would be more appropriate to have a completely new resentencing hearing on the record. The trial court then advised that although defense counsel did not have a recollection for purposes of reconstruction, the trial court did have a clear recollection of this case. The trial court explained:

> The defendant was tried twice with a verdict coming in on [February 23] and then again on November 8th. So I had a full opportunity to see the defendant and to hear the testimony on both of these cases.
>
> In addition, the defense has filed a motion to correct sentencing error. Quite a nice motion. And the State has filed a response to the defendant's motion. So I'm confident that that outlines both parties' position on the matter. And I have a specific recall of it.
>
> I was not even remotely considering sentencing at the bottom of the guidelines, based on the testimony and what I saw during both trials. And whether or not those two new counts were *nolle prosequied* or not would not have affected this Court's position on what the appropriate sentence is.

3

Thereafter, the trial court orally stated it was resentencing Appellant to four years imprisonment consecutive to the felon in possession of a firearm charge. Subsequently, Appellant filed an initial brief in this Court asserting errors during the trial and the proceeding conducted on November 21, 2017.

*Appellate Analysis*

The standard of review for a motion to correct a sentencing error is *de novo*. *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009). The standard of review regarding a trial court's exercise of case jurisdiction while an appeal is pending is *de novo*. *See Rogers v. State*, 33 So. 3d 805, 806 (Fla. 1st DCA 2010) (applying *de novo* review regarding "whether the trial court had jurisdiction, after appellant filed his notice of appeal, to issue written orders memorializing its prior oral pronouncements").

Regarding his sentence, Appellant claims that reversal is required because the trial court (1) did not have jurisdiction to enter the *sua sponte* order and conduct the proceeding on November 21; and (2) erred in denying his second 3.800(b) motion because there was no transcript of the resentencing on September 20 and the only appropriate remedy was to grant another sentencing hearing, since defense counsel could not recall what was said at the September resentencing. We construe Appellant's argument regarding jurisdiction to refer to case jurisdiction, meaning whether the trial court had the authority to act. *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000) ("'Case' jurisdiction is the 'power of the court over a particular case that is within its subject matter jurisdiction.'" (quoting *T.D. v. K.D.*, 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999))); *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018) ("The concept of 'the power of the court over a particular case' is rooted in the notion that given the *procedural posture of the case*, the court is without authority to act.").

An initial issue is the proper characterization of the November 21 proceeding. In the briefs, the parties fluctuate between referring to the November 21 proceeding as a "resentencing" hearing and as a hearing to "reconstruct the record." The lack of clarity understandably flows in part from the fact that the *sua sponte* order is entitled "Order Resetting Resentencing," yet the body of the order makes no reference to the second rule 3.800(b) motion and clearly states the purpose of the hearing is to reconstruct the record. Adding to the confusion is the fact that the trial court made an oral pronouncement at the conclusion of the November 21 proceeding that it was sentencing Appellant to four years for possession of cocaine, consecutive to the sentence for possession of a firearm by a felon,

*nunc pro tunc* the original sentencing date, yet failed to enter a written sentence after the proceeding. Additionally, the trial court did not enter a written order approving a statement of the evidence and proceeding after the conclusion of the November 21 proceeding.

Appellant argues that since the *sua sponte* order and the November 21 proceeding made no reference to his second rule 3.800(b) motion, the motion is deemed denied because the trial court did not rule on it within sixty days. *See* Fla. R. Crim. P. 3.800(b)(1)(B). Appellant argues such denial was error. The State argues the trial court properly denied the second motion by the November 21 proceeding, and there was no error as to the "resentencing" on that date.

Addressing the fluctuations in characterizations, we do not construe the November 21 proceeding as a resentencing hearing because the record is clear that Appellant was not present at that time, and no written sentence was entered thereafter. Instead, as stated in the body of the order setting the hearing, we construe the November 21 proceeding as an attempt to reconstruct the record.

We first address the denial of Appellant's second rule 3.800(b) motion. Because we construe the *sua sponte* order and the November 21 proceedings to be an attempt to reconstruct the record, we conclude that the order and proceeding do not constitute a denial of the motion. Instead, we conclude that the motion is deemed denied by the trial court's failure to file an order ruling on the motion within sixty days. Fla. R. App. P. 3.800(b)(2)(B).

Appellant argues the trial court erred in denying the second motion because the trial court failed, as to the September 20 resentencing, to comply with its obligations under Florida Rule of Criminal Procedure 3.721 and Florida Rule of Judicial Administration 2.535(h)(1). Rule 3.721 provides that "[t]he sentencing court shall ensure that a record of the entire sentencing proceeding is made and preserved in such a manner that it can be transcribed as needed." Fla. R. Crim. P. 3.721. Rule 2.535(h)(1) provides that "[a]ll proceedings required by law, court rule, or administrative order to be reported shall be reported at public expense." Fla. R. Jud. Admin. 2.535(h)(1).

We begin our analysis with the long-recognized principle that on appeal, "the defendant bears the burden of demonstrating that an error occurred in the trial court." *Jones v. State*, 923 So. 2d 486, 488 (Fla. 2006) (quoting *Goodwin v. State*, 751 So. 2d 537, 544 (Fla. 1999)). As part of that burden, appellants must submit to the appellate court a record

adequate to support the appeal. *Carter v. Carter*, 504 So. 2d 418, 419 (Fla. 5th DCA 1987).

Appellant is correct that under rules 3.721 and 2.535(h)(1), the trial court had an obligation to create a recording of the resentencing conducted on September 20. It is also true that "[o]nce a criminal defendant has chosen to exercise his right to appeal, he is entitled to a full transcript of the trial record." *Hamilton v. State*, 573 So. 2d 109, 110 (Fla. 4th DCA 1991) (citation omitted). However, the case law is replete with cases in which, for a myriad of reasons, all or portions of trial proceedings were not recorded or a transcript of the proceedings was not available.

Although neither party devotes much analysis to the application of Florida Rule of Appellate Procedure 9.200(b)(4) to this case, we find it controlling. The rule provides that:

> (4) *If no report of the proceedings was made, or if the transcript is unavailable*, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.

Fla. R. App. P. 9.200(b)(4) (emphasis added). It is precisely because all human endeavors are prone to occasionally experience oversights or mishaps that the supreme court promulgated rule 9.200(b)(4).

The case law is clear that in certain instances, the fact that a transcript is not available has required a new trial or proceeding. *See, e.g., Delap v. State*, 350 So. 2d 462, 463 (Fla. 1977). However, our research reveals that in every instance in which a new trial or proceeding was ordered because of the lack of a transcript, the appellate court also determined that a statement of the evidence or proceedings pursuant to rule 9.200(b)(4) was unobtainable. *See Jackson v. State*, 851 So. 2d 837 (Fla. 2d DCA 2003) (determining that the absence of a sentencing hearing transcript and the inability of the parties or the court to reconstruct the record required reversal and remand for resentencing); *Thomas v. State*, 828 So. 2d 456, 457 (Fla. 4th DCA 2002) (remanding case for a new trial because missing portion of the transcript was necessary for a complete review and

6

omissions could not be reconstructed); *Felton v. State*, 523 So. 2d 775, 776 (Fla. 3d DCA 1988) ("[I]n the event that, after determined efforts of the trial participants, reconstruction of the trial is found to be impossible, the trial court should so certify" to the appellate court).

Additionally, "not all omissions of transcript result in reversal for a new trial." *Velez v. State*, 645 So. 2d 42, 44 (Fla. 4th DCA 1994). When transcripts are not available, "[t]he question to be asked is whether the portions are necessary for a complete review." *Id.* (emphasis omitted). In *Velez*, we agreed with an analysis by the Eleventh Circuit, regarding the effect of missing parts of the trial record, that it is incumbent on the appellant to demonstrate how the defective transcript prejudiced his direct appeal in order to be entitled to appellate relief. *Id.* The conviction in *Velez* was affirmed because the missing portions of the record were not necessary for a full review, since the matters raised as error could be disposed of as a matter of law. *Id.*

The legal principles and analysis articulated in *Velez* were cited and approved by our supreme court in *Darling v. State*, 808 So. 2d 145 (Fla. 2002) and *Jones*. In *Darling*, a death penalty case, the appellant argued that because there were no records of certain pretrial hearings, precluding meaningful review of his claims, he was entitled to a new trial. 808 So. 2d at 163. Comparing the case to the situation presented in *Velez*, the court concluded that Darling's claim lacked merit because he failed to demonstrate what specific prejudice to complete appellate review, if any, was caused by the missing transcripts. *Id.*

Likewise, *Jones* is particularly instructive for our analysis in this case. In *Jones*, appellate counsel filed a motion to relinquish jurisdiction to reconstruct the record because the transcript of jury selection was not available. 923 So. 2d at 487. During an evidentiary hearing to reconstruct the record, trial counsel testified that he could not accurately recall the jury selection proceedings but that he typically makes objections during the voir dire. *Id.* The defendant testified as to some vague memory of the voir dire proceedings suggesting his counsel made a *Neil-Slappy*[1] objection to a peremptory challenge by the State. *Id.* After the hearing, the trial court ruled that the record could not be reconstructed, prompting Jones to assert on appeal that he was entitled to a new trial because his appellate counsel was unable to determine if prejudicial error occurred during jury

---

[1] *State v. Neil*, 457 So. 2d 481 (Fla. 1984); *State v. Slappy*, 522 So. 2d 18 (Fla. 1988).

selection. *Id.* at 488. We rejected that argument, relying in part on *Darling* and *Velez*. *See Jones v. State*, 870 So. 2d 904, 905 (Fla. 4th DCA 2004).

After analyzing a series of its decisions confronting issues of appellate review where transcripts were missing or unavailable, on further review our supreme court said: "It is therefore clear that under our precedent, this Court requires that the defendant demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant." *Jones*, 923 So. 2d at 489. Thus, because defense counsel in *Jones* could not remember if *Neil-Slappy* challenges were made and Jones's testimony about the challenges was vague, the court concluded that Jones's assertions on appeal were based on pure conjecture and his memory of possible objections made by his trial counsel, unsupported by any of the other evidence, did not show reversible error. *Id.* at 490.

Similar to *Jones*, in the instant case, Appellant has not articulated a clear explanation of an error by the trial court at the September 20 resentencing. Appellant speculates, based on a comment by the trial court during a status hearing leading up to the September 20 resentencing, that the trial court "must have been mad" at the resentencing. However, as the State points out, Appellant has not clearly asserted a contention that the trial court sought to punish Appellant for going to trial, and instead apparently seeks a transcript to see if such a claim can be made. Additionally, as the State points out, Appellant has not sought to disqualify the trial judge. Thus, at this point, Appellant's contentions that another resentencing is warranted appears to be based on speculation.

In the instant case, upon discovering there was no transcript of the resentencing on September 20, Appellant did not seek to obtain a statement of evidence and proceedings pursuant to rule 9.200(b)(4). Instead, Appellant sought relief by filing a second rule 3.800(b) motion. Because there is no transcript of the September 20 resentencing or an adequate substitute, Appellant has not demonstrated he is entitled to relief under rule 3.800(b).

Finally, we address Appellant's argument that the trial court lacked jurisdiction to enter the *sua sponte* order and conduct the November 21 proceeding. We assume the trial court was aware of rule 9.200(b)(4) and that knowledge prompted the *sua sponte* order setting a hearing to recreate the record of the September 20 resentencing.

We disagree with Appellant's argument that the trial court did not have case jurisdiction to recreate the record without a relinquishment order

from this Court. *See Udell v. Udell*, 998 So. 2d 1168, 1170 (Fla. 2d DCA 2008) ("For the edification of the parties and the trial court, we note that the rule [9.200(b)(4)] authorizes — indeed, *requires* — the lower court's participation in this process, and <u>no order from this court should be necessary</u>." (underlined emphasis added)). We also note that the purpose of rule 9.200(b)(4) is different from Florida Rule of Appellate Procedure 9.200(f), which is designed to address situations in which the trial record exists, but may have errors or may not have been fully submitted to the appellate court. We further construe the time limit regarding concurrent jurisdiction established by Florida Rule of Appellate Procedure 9.600(a), which ends when the trial court record is docketed in the appellate court, to apply to rule 9.200(f) and not rule 9.200(b)(4). We reach that construction because rule 9.200(f) references a time limit, whereas rule 9.200(b)(4) does not. *Compare* Fla. R. App. P. 9.200(f) ("If there is an error or omission in the record, the parties by stipulation, *the lower tribunal before the record is transmitted*, or the court may correct the record." (emphasis added)), *with* Fla. R. App. P. 9.200(b)(4) ("If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection."). Thus, we conclude the trial court did have case jurisdiction to reconstruct the record in this case.[2]

Despite its jurisdiction to reconstruct the record, we note that the trial court did not follow proper procedure under rule 9.200(b)(4) for preparing a statement regarding the evidence or proceedings. As can be seen from the rule, the proper procedure begins with *one of the parties* preparing a statement based on the party's recollection. Fla. R. App. P. 9.200(b)(4). The statement prepared by one of the parties is to be served on the opposing party, who may serve objections or proposed amendments. *Id.* "Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record." *Id.*

Below, the trial court did not order the parties to file and serve any written statements, objections, or proposed amendments in advance of the November 21 hearing. Prior to attending the November 21 proceeding, neither party knew what the other would recall about the evidence and statements made at the September 20 resentencing. Instead, the trial

---

[2] We note that in addition to rule 9.200(b)(4), another option for reconstructing the record is for the parties to enter into a stipulated statement regarding the record pursuant to Florida Rule of Appellate Procedure 9.200(a)(3).

9

court required the parties to present an oral presentation of their recollections during the hearing. From a due process viewpoint, such a procedure, for something as complicated as a resentencing, is problematic. Sometimes a discussion of what one participant remembers jogs a memory for another participant. Additionally, and perhaps more importantly, the trial court did not comply with rule 9.200(b)(4) by failing to enter a written order settling and approving the statement of evidence and proceedings.

We note that Appellant has not specifically framed his argument around noncompliance with rule 9.200(b)(4). Thus the issue is waived. *See Thier v. State*, 84 So. 3d 365, 366 (Fla. 4th DCA 2012).

Having determined that Appellant has not demonstrated reversible error, we affirm the trial court.

*Affirmed.*

TAYLOR and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***