DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**T.L.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D20-793

[August 12, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502016DP000024JO.

Andrew A. Holness of the Law Offices of Andrew A. Holness, P.A., West Palm Beach, for appellant.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, of Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

PER CURIAM.

We affirm the final judgment of termination. Although the appellee offers insubstantial support for the court's conclusion that section 39.806(1)(j), Florida Statutes (2019) was a ground for termination, there is competent substantial evidence to support the court's findings that the mother's rights should be terminated based upon sections 39.806(1)(c) and 39.806(1)(e). Therefore, because at least one ground is supported, this court may affirm. *J.E. v. Dep't of Children & Families,* 126 So. 3d 424, 427-28 (Fla. 4th DCA 2013). The record shows that the child, at three months old, was removed from his mother due to her substance abuse and domestic violence. For nearly four years the mother had a case plan and tasks which she would nearly complete only to regress on substance abuse and continued episodes of domestic violence in abusive relationships. A psychologist testified that her substance abuse was so ingrained from an

early age that it was unlikely she could maintain sobriety. The court's findings that termination was the least restrictive means to protect the child from serious harm and that termination was in the manifest best interest of the child were also supported by competent substantial evidence.

Finally, the mother contends that full review of this matter was not possible because of a missing portion of the transcript. Approximately twenty minutes of one witness's testimony is missing. During that time, it appears that the witness testified about the amount of money the mother made.

Not all omissions of portions of the transcript require a new trial. *See Terry v. State*, 263 So. 3d 799, 804 (Fla. 4th DCA 2019). We conclude that the absence of this portion of the transcript has not impaired our review, nor has the mother specifically addressed how she was prejudiced by this omission.

*Affirmed.*

WARNER, MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2